HARRY B. HATCH *v.* WM. HYDE AND WM. S. HYDE.

Hatch
*v.*
Hydes.

A plea in bar which sets up a *parol* agreement, made at the same time when a note, absolute upon its face, was given, that it should only be payable upon a contingency, is *insufficient* to bar an action on the note.

.A plea in bar which denies the original cause of action, as a want of consideration, amounts to the general issue, and is ill on special demurrer.

ASSUMPSIT, on a promissory note. The defendant pleaded *non assumpsit* and a special plea in bar, which special plea was, in substance, as follows:

' That the aforesaid note, on which said action is brought,
' was given for a certain horse then and there sold by the
' plaintiff to the defendants, and on no other consideration
' whatsoever; and that said horse, being at that time lame
' and otherwise diseased, and it being uncertain whether he
' would again become sound, or would become useless or
' die, by reason of said lameness or disease, it was then and
' there verbally agreed, to wit, on the same day and year on
' which said note was given, and at the same place, that if
' the said horse should, in consequence of said lameness or
' disease, become useless or die, the note should not be col-
' lectable or collected, but should be discharged, as the con-
' sideration for which said note was given would, in such
' case, have failed. And the defendants aver that said horse
' afterwards, to wit, at Burlington in the county of Chitten-
' den, on the first day of January, 1839, did die by reason
' of said lameness and disease, of all which the plaintiff af-
' terwards, to wit, on the same day and year last aforesaid, at
' Burlington aforesaid, had notice,' concluding with a verifi-
cation.

The plaintiff demurred specially to the special plea, and assigned the following causes of demurrer:

' That no sufficient, certain and legal consideration is, in
' said plea, alleged for said agreement that said note should
' not be collected, if said horse should become useless or
' die; nor is it directly or particularly alleged by or be-
' tween whom such agreement was made; nor is it directly
' and positively alleged that the plaintiff promised that said

CHITTENDEN,
January,
1842.

Hatch
v.
Hydes.

'note should not be collected, or that it should be discharg-
'ed; that the object and tendency of said plea is to change
'the absolute promise of the defendants, contained in said
'note, to a promise conditional, by the introduction of parol
'evidence, or evidence extrinsic of said note; that it does
'not appear in and by said plea when and where said horse
'died, or became useless, whether before or since the com-
'mencement of this suit; that said plea amounts to the
'general issue, and is in other respects informal, uncertain,
'and insufficient.'

The county court decided that the special plea was in-
sufficient, and the defendants excepted to the decision.

*Allen & Platt*, for defendants.

1. The defendants contend that it was competent for
them to show by parol evidence the contract set up in the
plea in bar of the plaintiff's action. 3 Stark. Ev. 1049.
This principle is fully sustained in *Saunders* v. *Howe*, 1.
Chip. Rep. 363; and it is recognized in 3 Stark. Ev.
1002, (n. 8.)

II. The consideration for which the note was given had
wholly failed. The consideration for the note was a sound
horse, but the horse proved to be unsound and worthless.
No consideration had therefore passed for the note.

In point of pleading, that which would give the action of
assumpsit to recover back money when the consideration had
failed, would be a good defence against a note where the
consideration for which it was given had failed.

So, as is always the case, where the vendor warrants the
title of the property he sells, if the title wholly fails, such
failure may always be given in evidence to defeat a recovery
on a note given for the property.

The note is for value received, which is *prima facie* evi-
dence only, for the payee, but subject to explanation on the
other side. The explanation has been made. The consid-
eration was to be a sound horse, but if worthless the parties
understood the consideration would then have failed.

III. This matter is properly pleaded in bar. 1 Chit. Pl.
497, 476. Defendant is at liberty to plead "want of suffi-
cient consideration," although the same may be given in
evidence under the general issue.

*Hyde & Peck,* for plaintiff.

1. The plea is bad as it seeks to convert the absolute promise of the defendant into a conditional promise, by parol evidence.

The plea does not set forth a subsequent agreement founded on a new consideration, but rests on a promise contemporaneous with the execution of the note, and parcel of the same contract, and, therefore, comes within the rule that parol evidence is not admissible to add to, vary or explain a written contract. *Bentley* v. *Bradley*, 8 Vt. R. 243 and *Isaacs* v. *Elkins*, 11 Vt. R. 679, go further than is necessary in this case, as there the property was *subsequently* returned, in pursuance of the parol agreement, which was urged as a payment of the note. *Reed* v. *Wood*, 9 Vt. R. 285.

2. The only way for the plaintiff to avail himself of this rule of law, in the present case, is by demurrer, as a traverse of the plea would be a waiver of the law. *Barney* v. *Bliss et al.*, 2 Aik. R. 60. *Noyes* v. *Evans*, 6 Vt. R. 628. If the agreement set forth in the plea is not a part of the original contract and made at the same time, it is void for want of consideration, as no consideration is alleged in the plea.

3. The plea was bad for not alleging that the promise set up was *in consideration* of the making of the note, it being only alleged that said promise was made at the same time. It is bad for other causes set down in the special demurrer, and if good in substance, amounts to the general issue. It, in effect, denies the contract declared on, by setting up a different one.

The opinion of the court was delivered by

BENNETT, J.—The plea in bar sets up a parol agreement contemporaneous with the giving of the note, and inconsistent with the one expressed in the note. The horse, though lame and diseased, was clearly a sufficient consideration for the note, and no fraud is pretended. The note then, being upon sufficient consideration, and absolute upon the face of it, cannot, by parol evidence, be converted into one payable upon a contingency. *Bentley* v. *Bradley*, 8 Vt. R. 243. *Isaacs* v. *Elkins*, 11 Vt. R. 679. As the agreement, set up

CHITTENDEN, in the plea in bar, if made upon sufficient consideration, can-
January, not control the note, it is impossible that it should furnish
1842.
good matter to plead in bar. The right of action, establish-
Beach ed by the note, cannot be destroyed by setting up an oppos-
v. ing agreement which, by the rules of evidence, cannot be
Beach. proved. The plea then was properly met by a demurrer. If
it had been traversed and issue joined, it might have been
a question whether the rule of evidence, excluding *parol,*
might not have been waived.

If the facts set up in the plea go to defeat the note, as has
been argued, for want of consideration, they would have avail-
ed the party under the general issue. Though it is true that
some matters which may be given in evidence under the
general issue, in assumpsit, may also be pleaded in bar, yet it
is not such matter as goes to deny the original cause of ac-
tion. The consideration is of the very essence and founda-
tion of the promise, and a plea, in effect, denying the con-
sideration amounts to the general issue, and is, for this cause,
ill, on special demurrer. *Potter* v. *Stanley*, 1 D. Chip. R.
243. Gould's Pl. 334, Sec. 56. This is made one ground
of demurrer. The plea cannot be sustained.

The judgment of the county court is affirmed.