## Drake *versus* Rogers, Morse & Burgess.

A co-defendant may be cited anew, and proceeded against, although the suit had been previously discontinued as to him, on an agreement for a valuable consideration.

It is not competent for another defendant to object to such a proceeding.

A discontinuance does not, of itself, discharge the debt sued for.

The indorsee, in a suit against the maker, may prove, that there was a mistake in the date of the note.

And this he may do, although by such proof, the pay-day of the note would be extended, whereby to cut off a defence, which would be good in a suit brought by the payee.

Assumpsit, by the indorsee, against the makers of a promissory note for $1000, alleged to have been dated September 25, 1841, payable in one year; and also upon the money counts.

At the September term, 1848, it was agreed, between the plaintiff and Morse, that the action should be discontinued as to Morse, and that Morse should take no cost. The discontinuance was accordingly entered on the docket, with "no costs for Morse."

Afterwards the other defendants pleaded the non-joinder of Morse. Whereupon the plaintiffs moved for leave to summon in Morse as a defendant. The motion was objected to, but allowed.

Morse appeared according to the summons, and moved, in writing, that he be discharged in virtue of the said contract of discontinuance. But the motion was overruled, and he was required to plead to the action.

He pleaded the general issue with brief statement. The other defendants pleaded in like manner.

The note was introduced and comported with the count in the declaration.

It was then shown, that the 25th of Sept. 1841, was Sunday. Whereupon the plaintiff moved for leave to amend by declaring upon a note given in Sept. 1842. Though objected to, the amendment was allowed and made. The plaintiff then, against objection, introduced evidence tending to show,

that the note was in fact given in Sept. 1842, and that the plaintiff purchased it, for value, within three months from that time.

The defendants then introduced evidence for the purpose of showing, that the note was obtained by the *payee* through fraud ; and also, that the note was given without consideration.

WELLS, J. instructed the jury *that* the discontinuance, as to Morse, did not protect him from being again called on to defend the suit ; *that* the other defendants could make no valid objection to such a proceeding ; *that* it was competent for the plaintiff to show that the note was given in 1842, and not in 1841 ; *that* its legal effect and the liabilities and rights of the parties would be the same as if it had been dated of the time when it was actually given ; *that* a failure of consideration, if proved, would not avail the defendant in this suit, if the note was negotiated, for value, before it was payable ; and *that*, if the plaintiff purchased the note of the payee, and paid him the value of it, before it became payable, the fraud, imputed to the payee, would not affect the plaintiff's right to recover, if he was ignorant of the fraud.

The verdict was for the plaintiff and the defendants excepted.

*Gilbert*, for the defendants, Rogers and Burgess, and *Ruggles* for Morse.

Evidence was inadmissible to show that the note became payable a year later than its terms imported ; especially as it affected the equitable rights of the defendants. The date is put to the note to show the intent. Stark. Ev. 551 ; *Styles* v. *Wardle*, 4 B. & C. 908 ; 10 Maine, 418 ; 21 Maine, 543. The plaintiff saw by the date how long the note had run, and took it as an *overdue* paper, subject to equities. He cannot therefore resist the equities. An indorsee's rights depend on the *written* paper only.

The discharge of Morse, for a valuable consideration, was a discharge of *all* the debtors.

The restoration of the name of Morse as a co-defendant was injurious to the other defendants, because the costs were thereby multiplied, and delay created, and the person cited in is not

liable to previous costs. The discharge and the recall of Morse would defeat the attachment of his property ; and his insolvency might afterwards occur, whereby the loss of the attachment would operate injuriously to the other defendants. The amendment was wrongfully allowed. It introduced a new cause of action.

*Tallman*, for the plaintiff.

TENNEY, J., orally. — The discontinuance as to Morse was a valid contract, and it was fulfilled by the plaintiff. It was only in the nature of a nonsuit. A fair construction of the statute does not forbid his name being restored upon a new citation. The Judge's ruling on that point was correct.

The evidence to show an erroneous date to the note was admissible. The jury found there was a mistake in the date. The note, by intendment of law, was payable in a year from the *time* it was · *given.* When purchased by the plaintiff it was not overdue or dishonored. The defences of fraud and of want of consideration cannot avail.

The amendment of the declaration was allowable. It was for the same cause of action. But it was not necessary. The writ contained the money counts, under which a note of either of the pay-days could be proved.