MARIA ESCH, Adm'x, etc., *vs.* JOSEPH HARDY.
July 22, 1875.

**Parol Evidence Inadmissible to Vary Promissory Note.**—The answer to a suit on a promissory note for $600.00 alleges that, at the time of the execution of the note, E., the payee, requested the defendant, the maker, to sell and deliver cattle to S. and A., and agreed that, if defendant would sell the cattle to them, he, E., would advance to him, in payment therefor, $600.00; and that, in consideration thereof, defendant agreed with E. to sell the cattle to S. and A., in consideration of which E. advanced the $600.00 to defendant, and the note was given as evidence of the advancement, and for no other consideration. *Held*, that this is an attempt to vary the effect of the note; and that, as it does not appear from the answer that the agreements to advance the $600.00 and to sell the cattle, if in writing, refer in any way to the note, so that they will have the effect to vary its terms without resort to oral testimony, they, as pleaded, are no defence to the note.

**Plea of Payment must aver Payment of Demand in Suit.**—An allegation of a payment, without showing that it was paid on account of the claim sued on, is insufficient.

Appeal by defendant from a judgment against him on the pleadings, in the district court for Ramsey county, pursuant to an order of *Wilkin*, J.

*Erwin & Pierce*, for appellant.

*W. D. Cornish*, for respondent.

GILFILLAN, C. J.   This appeal involves the propriety of an order granting plaintiff's motion for judgment on the pleadings.   The suit is on a promissory note for $600.00, given to Michael Esch, deceased.   The answer alleges

that, at the time of the execution of the note, Michael Esch "requested the defendant to sell and deliver beef cattle to John Shultz and John Armour, butchers, and agreed with defendant that if he would sell and deliver to them beef cattle, as aforesaid, that he would advance, in payment therefor, $600.00 ; that, in accordance with said request, defendant agreed with said Esch to sell and deliver said cattle, as requested as aforesaid ; in consideration of which said sum was advanced to the defendant, and the said note given as evidence of said advancement, and for no other consideration than the advancement of said money for the purpose aforesaid."

This is, in substance, an attempt to show that the note was not intended to create the obligation which it expresses, but only to be in the nature of a receipt for money advanced in payment of the cattle to be sold. Of course the note could not be thus varied by oral testimony. The agreement of Esch to advance the money, and that of defendant to sell and deliver the cattle, are presumed to be valid so far as they go. But, to make the answer good as a defence, it must appear that these agreements have the effect to qualify the note without resort to oral testimony ; and, to do that, it should appear that the note refers to them, or that they are in writing and refer to the note. The note, as stated in the complaint and admitted by the answer, is absolute, and makes no reference to any other agreement. The agreements, so far as they are set forth in the answer, do not provide for, nor refer to, the note. There is nothing in the answer to show but that, when produced, the note on the one side and the agreements on the other, if they are in writing, will appear to refer to entirely distinct and independent transactions.

The answer does not show that the $40.00 claimed as a payment was paid on account of the note.

Judgment affirmed.