ANTON KNOBLAUCH vs. ELIZABETH E. FOGLESONG, impleaded, etc.

April 30, 1888.

**Parol Evidence to Vary Blank Indorsement.**—Rule that it is not competent to prove a contemporaneous parol agreement to vary the effect of a blank indorsement of a negotiable promissory note, adhered to.

After the decision of the former appeal in this action, (37 Minn. 320,) the action was tried in the district court for Hennepin county, before *Rea,* J., and a jury, and a verdict was directed for plaintiff, who appeals from an order granting a new trial.

*E. W. Rossman,* for appellant.

*F. B. Wright* and *Gilfillan, Belden & Willard,* for respondent.

GILFILLAN, C. J.   Action against the defendant Crossman as maker, and the defendant Foglesong as indorser, of a promissory note made by Crossman, payable to the order of Foglesong, and by the latter indorsed in blank.   At the trial, Foglesong offered to prove an oral agreement, made at the time of the indorsement, between the indorser and indorsee, this plaintiff acting for the latter, that the indorsee would look for his pay to the security only given by the maker with the note, (to wit, a mortgage upon real estate,) and not trouble or sue the indorser; the plaintiff stating that he wanted the name on the back of the note because it was made payable to order, and the indorsement was necessary, and should be treated simply as passing the title to the notes; and also offered to prove by parol, in substance, that, prior to the making of the note, Crossman and Foglesong were negotiating for the sale of certain real estate by the latter to the former, when the former made an offer for the real estate of

$2,000 in cash, $2,000 in other lands, and $2,250 in notes, (one of them the note in suit,) to be secured by a mortgage on the real estate; that Foglesong objected on the ground that the mortgage would be a second mortgage, whereupon plaintiff, who was present and had heard the negotiations and offer, agreed that, if Foglesong would take the notes and mortgage at $2,250, he would purchase them, and look to the security only for his pay, and only ask a reasonable discount on the notes. Each of these offers was objected to as incompetent and immaterial, and the objection was sustained. After a verdict for the plaintiff, the court below, conceiving that it had erred in excluding the evidence, granted a motion by defendant for a new trial.

It will be observed that in the offers of evidence there is no suggestion of fraud, mistake, or surprise. The first offer is merely one to prove a contemporaneous parol agreement to vary the effect of the contract of indorsement, which, under the decisions of this court from the beginning, cannot be done. *Levering* v. *Washington,* 3 Minn. 227, (323;) *Kern* v. *Von Phul,* 7 Minn. 341, (426;) (82 Am. Dec. 105;) *First Nat. Bank* v. *Nat. Marine Bank,* 20 Minn. 49, (63.) The competency of the second offer it is not necessary to consider. There is not enough of it to make the evidence in any way material, or, if competent, to affect the matter in controversy. The transaction referred to in the offer appears to have taken place on or before February 13, 1884, and the indorsement of the note to have been made April 10, 1884, nearly two months afterwards. There was no offer to prove that Foglesong relied in any way on plaintiff's proposition or agreement to purchase the notes and mortgage, or that she took them by reason thereof, or that she then agreed to sell them to plaintiff, or that the subsequent indorsement of the note had any connection with, or was made by reason of or to carry out, anything said, done, or agreed in the transaction of February 13th.

The objection to each offer was rightly sustained.

Order reversed.