HUGH G. HARRISON and others *vs.* H. B. MORRISON.

November 2, 1888.

**Negotiable Instrument—Evidence of Contemporaneous Oral Agreement.**—Parol evidence is inadmissible to show that when a promissory note was executed there was an oral agreement between the parties that, if the maker should be forced to make an assignment for the benefit of creditors under the insolvent law, the payee should file his claim on the note with the assignee, and execute a full release to the maker of all claims other than such as might be paid by the assignee under the assignment. The effect of such evidence would be to vary the written contract, by attaching a condition to the promise to pay inconsistent with the express terms of the note.

Appeal by defendant from an order of the district court for Morrison county, *Baxter,* J., presiding, sustaining a demurrer to the answer in an action on promissory notes.

*D. W. Bruckart,* for appellant.

*Cobb & Wheelwright,* for respondents.

MITCHELL, J. The proposed defence is that when the promissory notes in suit were executed, there was an oral agreement, annexed as a condition to their payment, that if the defendant should be forced to make an assignment for the benefit of his creditors, under chapter 148, Laws 1881, (which he was,) the plaintiffs should file their claims on the notes with the assignee, as provided by the statute, and execute and file with the clerk of the court a full release to

the defendant of all claims, other than such as might be paid by the assignee under the provisions of the statute. This is clearly inadmissible, under the familiar rule that the terms of a written contract cannot be contradicted, altered, added to, or varied by oral evidence. By their terms the defendant promised to pay absolutely the full amount of the notes at the dates therein named. The proposed parol evidence had no tendency to prove either a want or failure of consideration, but merely to show that a condition was annexed to the manner of payment, and amount to be paid, different from that expressed in the notes. The notes on their face purport to be a complete expression of the whole agreement of the parties, and it must be conclusively presumed that they have introduced into them every material term of the contract. It is not a case where the agreement was oral, and the writings executed in performance of part of the agreement, leaving another and separate part of it still wholly in parol, as in *Healy* v. *Young*, 21 Minn. 389. Neither is it a case of a separate collateral agreement upon a matter distinct from that to which the writings relate, and upon which they are silent. On the contrary, the oral agreement relates to the very matter covered by the writings, and is inconsistent with their express terms. *Thompson* v. *Libby*, 34 Minn. 374, (26 N. W. Rep. 1;) *Underwood* v. *Simonds*, 12 Met. 275; *Allen* v. *Furbish*, 4 Gray, 504, (64 Am. Dec. 87;) *Eighmie* v. *Taylor*, 98 N. Y. 288. This renders it unnecessary to consider the other questions discussed by counsel. The order sustaining the demurrer to the answer must be affirmed.