WILLIAM ALMICH *vs.* ELIZABETH DOWNEY and another.

February 27, 1891.

**Promissory Note Antedated or Post-Dated—Construction.**—A promissory note intentionally post-dated or antedated, though a valid contract from the time of its delivery, will be construed as it reads, for such is the contract.

**Same—Mistake in Note—Evidence to Show True Date of Delivery.** But the date is only presumptive evidence of the time of its execution, and where a note is intended to bear that date the time of its execution. is its true date, and, if wrongly dated by mistake, the mistake may be corrected, except as to an innocent purchaser or indorsee, who would be

prejudiced by the correction. An indorsee may, however, show the true date of the note, and, if he took it in due course before due, the defence of want of consideration will not be available.

**Same—Pleading and Proof.**—The mistake should in such case be set up in the pleading; but where the evidence is received without objection, and the fact established, the pleadings may be amended to conform to the proof, or the omission disregarded.

**Same—Consideration—Evidence.**—Evidence *held* sufficient to show that the note in suit was given without consideration.

Action on a promissory note for $500, brought in the district court for Le Sueur county. Trial before *Edson*, J., and verdict for defendants, who appeal from an order granting a new trial.

*Francis Cadwell*, for appellants.

*Thomas Hessian*, for respondent.

VANDERBURGH, J. Plaintiff is the indorsee of the note in suit. The note was dated June 25, 1886, and was by its terms payable six months after date. It is alleged in the complaint to have been executed and delivered on the day of its date. It appears from the evidence, however, that the note was actually executed and delivered on the 25th day of June, 1887, and that the date was written 1886, by mistake. There was evidence to go to the jury tending to show that it was indorsed to the plaintiff for value within six months from the actual date of its delivery, but not within six months or before its maturity, according to the face of the note. The court charged the jury, under plaintiff's exception, that if the note, when transferred to plaintiff, was due according to the date as actually expressed therein, and was given without consideration, their verdict must be for the defendants. If a note is antedated or post-dated by the maker, it is a valid contract from the time of its delivery; and, since it is competent to express the agreement of the parties in that way, the courts will construe the instrument according to its terms; and if, when delivered, it is by its date overdue, it will then be treated as a demand note. 1 Pars. Notes & B. p. 49; 3 Rand. Com. Paper, § 1034. But where the note is intended to bear date as of the time of its delivery, that is the true date; and if by mistake another date is written on the face of the note, the mistake may be corrected, except as to an

innocent indorsee or purchaser who would be prejudiced by the correction, and the mistake may be shown by parol. 2 Pars. Notes & B. 514. As it clearly appeared that the note was given in 1887, and the wrong year inserted in the date by mistake, the note, by intendment of law, was payable in six months from June 25, 1887; and if negotiated and indorsed to the plaintiff before due, in good faith and for value, the defence of want of consideration is not available; and the mistake may in such case be shown as well by the indorsee as the payee of the note. *Drake* v. *Rogers*, 32 Me. 524; *Germania Bank* v. *Distler*, 4 Hun, 633, affirmed in 64 N. Y. 642; 1 Daniel, Neg. Inst. § 83; 1 Edw. Bills & N § 171.

The mistake should strictly have been alleged in the complaint, but as the evidence was received without objection, and the fact was before the court as if properly pleaded, and considered by the court in its charge, the objection to the pleading cannot be raised now. The pleading might have been amended formally to conform to the proofs after the evidence was in.

For the reasons stated, it is apparent that the court erred in its charge on this branch of the case, and the order granting a new trial was proper, though based on other grounds. The defence of want of consideration was clearly shown. The note was intended to offset or reduce the amount of a mortgage held by the defendant on the land of the deceased husband of the payee in the note. It was in reality intended as a gift or concession, and, being without consideration and incomplete or unexecuted, the defendant was entitled to defend against the note for want of consideration. It did not involve a settlement or compromise of a doubtful or disputed claim; and, if this defence was not shut out by the transfer of the note to plaintiff before due, she was entitled to interpose it.

Order affirmed.