GERMANIA BANK OF MINNEAPOLIS v. C. F. OSBORNE.[1]

October 25, 1900.

Nos. 12,253—(44).

**Promissory Note—Counterclaim—Sale of Stock—Parol Evidence.**

In an action upon a promissory note, to which a counterclaim was pleaded, to the effect that the note was given in pursuance of a parol agreement for the sale of certificates of bank stock by plaintiff to defendant, upon the condition that defendant might, at his option, resell them to plaintiff in consideration of the surrender of the note, *held,* that parol testimony of such contract was admissible, and did not tend to change the terms of the note.

Action in the district court for Hennepin county on a promissory note. The case was tried before Harrison, J., who directed a verdict in favor of plaintiff. From an order, McGee, J., denying a motion for a new trial, defendant appealed. Reversed.

*F. N. Hendrix,* for appellant.

*Chas. G. Laybourn,* for respondent.

LEWIS, J.

Action on a promissory note for $400, due ninety days after date, payable in United States gold coin or its equivalent, with interest.

To the complaint on this note defendant alleged, as a "defense and counterclaim," that to induce the defendant to purchase four shares of its capital stock, so that he might continue to be one of the directors of the bank, the plaintiff agreed with defendant that, if he would purchase the four shares, it would receive as the purchase price thereof defendant's promissory note for $400, payable ninety days after date, with interest at three per cent. per annum, and renew the same from time to time as it became due, by accepting and receiving a new note of like tenor and effect; that at any time defendant ceased to be a director of said bank, or should desire to return, surrender, or resell the stock to said bank, plaintiff would take back and repurchase the same, and pay the same price paid by defendant therefor, by surrendering and delivering to him

[1] Reported in 83 N. W. 1084.

said note so given as the purchase price of said stock, or any note for $400 given by defendant in renewal thereof; that, in pursuance of such agreement, the stock was issued to defendant, and he gave his note therefor in the sum of $400, and that the note upon which the action is based was the last renewal of the same; that, long prior to the commencement of this action, defendant, having resigned as director of said bank, and being desirous of returning, surrendering, and reselling the stock to plaintiff, offered to resell, assign, transfer, indorse, and surrender the same to plaintiff, and offered to pay the interest upon the note, and demanded that plaintiff surrender and deliver the note to defendant, which was refused.

Issue having been joined, when the cause came on for trial in the court below plaintiff introduced the note, and rested; whereupon defendant attempted to prove the facts set forth in the answer. Objection was made upon the ground that the examination called for oral testimony which tended to vary or alter the terms of the note. The objection was sustained, and the court directed a verdict for plaintiff in the full amount of the note and interest. From an order denying his motion for a new trial, defendant appeals.

In what respect written contracts may be affected by parol testimony is a problem frequently confronting the practitioner and demanding the attention of the courts, and in respect to that particular phase of its application involved in the case before us able courts have arrived at different conclusions. We should first determine what the contract was between these parties, and what relation the note bears to it. The contract was, in substance, a sale of the stock in consideration of the execution and delivery of the note, coupled with the right to return the stock and take up the note. The note expresses only the method of payment in case the maker did not exercise the right to return the stock. The note is in terms just what the parties agreed it should be. The contract preceded the execution and delivery of the note, and the note was executed and delivered as a result of the contract, not as itself the contract. The consideration for the note was the stock, provided the maker exercised the option to retain it. The consideration for the delivery of the stock was the payment of $400, according to the

81 M.—18

terms of the note, provided the maker exercised the same option. Although the whole transaction was an entirety, and the agreement for the sale was in a sense contemporaneous with the execution of the note, yet the parties did not reduce the agreement for the sale to writing in the terms of the note.

The case here presented does not come within the rule in reference to changing the terms or legal effect of an indorsement on the back of a promissory note, as applied in Youngberg v. Nelson, 51 Minn. 172, 53 N. W. 629; Farwell v. St. Paul Trust Co., 45 Minn. 495, 48 N. W. 326; and Knoblauch v. Foglesong, 38 Minn. 352, 37 N. W. 586. Neither is the case within the principle followed in Wheaton Roller-Mill Co. v. John T. Noye Mnfg. Co., 66 Minn. 156, 68 N. W. 854, where the parties attempted, but failed, to put certain words into a written contract, the writing being complete in itself, and no claim of fraud, accident, or mistake. The case is similar to that of Healy v. Young, 21 Minn. 389, where the plaintiff sold certain premises to defendant and executed a bill of sale. In an action brought to recover rent accruing prior to sale, it was held that, as a defense, parol testimony was admissible to prove that it was agreed to release defendant from the rent in consideration of the sale. The theory was that the bill of sale was only given in part performance of the contract. So, in Gammon v. Ganfield, 42 Minn. 368, 44 N. W. 125, promissory notes were given in payment of machinery, but containing no reference to the terms of the sale. In an action on the notes, it was held that defendant might prove by parol testimony a contract of warranty. Esch v. Hardy, 22 Minn. 65, cited by respondent, decides that the parol testimony offered tended to make the note a receipt, thus changing its very terms, and so is not in point.

Respondent relies upon the two following cases: Allen v. Furbish, 4 Gray, 504, and Hatch v. Hyde, 14 Vt. 25. In the former it was held that as a defense, in action on a promissory note payable absolutely, it was inadmissible to prove by parol testimony that the consideration of the note was the sale of a horse upon condition that the purchaser, if dissatisfied with the horse, might return him within three months. In Hatch v. Hyde plaintiff sued on a note taken in payment of a horse. Defendant pleaded in bar to the action

that it was agreed that the note would be surrendered if the horse should become useless or die.   Held, that parol testimony of such agreement was inadmissible, as it tended to vary the terms of the note.   The case of Barnes v. Shelton, 1 Harp. (So. C.) 33, is identical with the one under consideration.   Defendant executed his note for the purchase price of two clocks, it being orally agreed that he might return one of them if disapproved by his father.   In an action upon the note, it was held that parol testimony was admissible to establish a set-off, and that it did not go to the terms of the note. In this case the court reasoned upon the principle that the right reserved in the sale to return the property, if exercised, operated to defeat the note by failure of the consideration.   This distinction will be noticed: That the latter case differs from the Massachusetts and Vermont cases in this: In the latter cases the contract was pleaded strictly as a defense, whereas in Barnes v. Shelton the contract was pleaded as a set-off.

In the case before us the defensive matter contained in the answer is set forth as a counterclaim, and affirmative relief is demanded. It is immaterial that it was pleaded both as a defense and counterclaim.   If the pleading states the facts sufficient to entitle defendant to either, the proper relief will be administered.   Wilson v. Fairchild, 45 Minn. 203, 47 N. W. 642; Griffin v. Jorgenson, 22 Minn. 92.   The distinction between a defense and counterclaim is made in Singer Mnfg. Co. v. Potts, 59 Minn. 240, 61 N. W. 23.   In that case it was held that parol testimony was inadmissible as a defense, as tending to change the terms of the note, but it was also held to have been admissible in support of the same facts set forth as a counterclaim.   The evidence offered in support of the counterclaim tended to make out a case which would defeat the collection of the note, but it did not tend to change its terms.   The evidence was directed to the right to enforce payment, not the method of payment.   If payment could be enforced at all, it must be according to the terms of the note.   Such was the issue tendered by plaintiff. But there was, under the issue tendered by the counterclaim, the question of the right to enforce payment of the note.   Hence it

follows that the evidence offered did not tend to change the terms of the written instrument.

Order reversed, and a new trial granted.

COLLINS, J.

I dissent.