## WALTER GILTNER v. W. L. QUIRK.[1]

December 24, 1915.

Nos. 19,529—(161).

**Indorsement of note — parol evidence inadmissible.**

1. Evidence of a parol contemporaneous agreement to vary the effect of an indorsement of a promissory note is inadmissible.

**Same — exception to rule.**

2. An exception is recognized, as in First Nat. Bank of St. Paul v. National Marine Bank of St. Paul, 20 Minn. 49 (63), when an equity arises between the immediate parties from an antecedent transaction which includes an agreement that the note is taken on the responsibility of the maker and is indorsed only for the purpose of transferring title pursuant thereto so that the enforcement of the obligation of the indorsement would work a fraud.

**Defendant not within the exception.**

3. The defendant, who sold to the plaintiff a note and a second mortgage securing it and indorsed the note and assigned the mortgage, is not within the exception, there being no antecedent transaction between them from which an equity arose, and therefore no fraud in enforcing the obligation of the indorsement, though the subsequent foreclosure of the first mortgage destroyed the security of the second.

**Case followed.**

4. Under the facts offered to be proved, the plaintiff promised to look solely to the maker and the mortgage for the payment of the note and not to the indorsement, and the case is controlled by Knoblauch v. Foglesong, 38 Minn. 352.

Action in the district court for Wilkin county to recover $645.81 upon a promissory note. The case was tried before Flaherty, J., who directed a verdict in favor of plaintiff. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Lewis E. & D. J. Jones,* for appellant.

*George D. Smith,* for respondent.

[1] Reported in 155 N. W. 760.

Note.—As to parol evidence to show intention of party indorsing paper before delivery, see note in 18 L.R.A. 33.

DIBELL, C.

Action upon a promissory note against the payee and indorser thereof. The court directed a verdict for the plaintiff. The defendant moved for a new trial. From an order denying it he appeals.

On June 1, 1911, one Caulk made a promissory note for $500 to the defendant. It was secured by a second mortgage on land in South Dakota worth $4,000 subject to a first mortgage of $1,800. Before its maturity the defendant sold and indorsed the note to the plaintiff for value and assigned the mortgage and waived notice, etc. Soon thereafter the plaintiff indorsed the note in blank to another and through various indorsements it reached a bank in Iowa. On March 11, 1914, the plaintiff was compelled to pay the bank the amount of the note, and the note was transferred to him and he then sued the defendant on his indorsement.

The defendant pleaded and offered to prove substantially the following facts: That the plaintiff approached him and informed him that he desired to purchase the mortgage, foreclose it, and obtain title to the premises by which it was secured; that, upon the express promise of the plaintiff that he would look only to the maker of said note and the mortgage security for payment, and upon the express promise that the indorsement of the defendant should be for the purpose only of transferring title, the defendant indorsed the note and assigned the mortgage; that the plaintiff accepted the same, with the agreement that he would not look to defendant for payment of the note, but would rely entirely on the maker and the mortgage security; that the plaintiff did not foreclose the mortgage nor collect the note; that the defendant did not know, until the commencement of this action, that the plaintiff had not foreclosed the mortgage nor collected the note; that, if he had been advised by plaintiff that he did not intend to foreclose his mortgage, or that he had not done so, he could have protected himself by paying the note and resorting to the mortgage security, and that during the time since the note matured plaintiff did not disclose that he had not foreclosed the mortgage as he agreed to do nor that said note had not been paid.

1. Parol evidence is inadmissible to show that an indorsement is not to have its ordinary effect. Youngberg v. Nelson, 51 Minn. 172, 53

N. W. 629, 38 Am. St. 497; Dennis v. Jackson, 57 Minn. 286, 59 N. W. 198, 47 Am. St. 603; Knoblauch v. Foglesong, 38 Minn. 352, 37 N. W. 586; Clarke v. Patrick, 60 Minn. 269, 62 N. W. 284.

2. Certain exceptions to this rule were recognized in First Nat. Bank of St. Paul v. National Marine Bank of St. Paul, 20 Minn. 49 (63). One there stated, on which the appellant relies, is that "it may be shown that there was an equity arising from an antecedent transaction, including an agreement that the note should be taken in sole reliance on the responsibility of the maker, and that it was indorsed in order to transfer the title in pursuance of such agreement, and that the attempt to enforce it is a fraud." This ruling was put on the authority of Downer v. Chesebrough, 36 Conn. 39, 4 Am. Rep. 29. And see Dale v. Gear, 39 Conn. 89.

3. A proper application of this rule does not give the defendant a defense. There was no antecedent relation between the plaintiff and defendant relative to this note out of which an equity arose. It appears that the note was given in certain real estate transactions, in which the plaintiff and the defendant were interested. No equity in connection therewith appears, and there was no fraud in enforcing the obligation of the indorsement.

4. The facts presented by the offer, as we view them, make a simple case of a parol contemporaneous promise on the part of the purchaser of a note and mortgage to look to the maker of the note and the security of the mortgage for. payment and not to enforce the obligation of the indorsement. In all substantial respects the case is within Knoblauch v. Foglesong, 38 Minn. 352, 37 N. W. 586. And see Clarke v. Patrick, 60 Minn. 269, 62 N. W. 284. This is not a case where the indorsement was a part of a larger transaction and the facts additional to the indorsement, constituting a part of the entire agreement give an independent cause of action or defeat a recovery. See Germania Bank of Minneapolis v. Osborne, 81 Minn. 272, 83 N. W. 1084; Conrad v. Clarke, 106 Minn. 430, 119 N. W. 214, 482.

Order affirmed.