STATE BANK OF WILLOW RIVER v. PAUL PANGERL AND OTHERS.[1]

December 14, 1917.

No. 20,576.

**Bills and notes — liability of accommodation indorser.**

1. In an action on a promissory note made by defendant makers at the request of the plaintiff bank to the defendant payee without consideration passing from him to them, and indorsed by the defendant payee to the plaintiff at its request and without consideration, the evidence is *held* to show as a matter of law that the indorsement was for the accommodation of the plaintiff and it cannot recover thereon.

**Same — parol evidence of want of consideration.**

2. The rule that upon the transfer of a promissory note the effect of the payee's indorsement cannot be varied by parol does not prevent the showing of want of consideration or that paper is accommodation.

Action in the district court for Pine county against Paul Pangerl, Marie Pangerl and E. C. Townsend, to recover $352 upon a promissory note. E. C. Townsend, in his separate answer, alleged that there was no consideration for the note as between himself and the other defendants and no consideration for the indorsement to plaintiff, which facts were known to plaintiff, and that the note was procured by the cashier of plaintiff, acting for plaintiff, and was indorsed by defendant at his request, without consideration, and upon the express agreement that the answering defendant should not be held liable thereon. The case was tried before Nethaway, J., who made findings and ordered judg-

[1]Reported in 165 N. W. 479.

ment for the amount demanded. From the judgment entered pursuant to the order for judgment, E. C. Townsend appealed. Reversed.

*William M. Lamson,* for appellant.

*Ottocar Sobotka,* for respondent.

DIBELL, C.

This is an action by the State Bank of Willow River against Paul Pangerl, Marie Pangerl, his wife, and E. C. Townsend upon a promissory note. There were findings and judgment for the plaintiff. The defendant Townsend appeals. The defendants Pangerl did not answer and have no defense.

1. On October 7, 1912, the Pangerls made a note to the plaintiff bank for $1,178.60 due in six months. On March 27, 1913, the Pangerls made to Townsend a note for $352. This note was indorsed by Townsend and is the one in suit. The facts attending its execution are about these: Peter Praxel was the cashier of the bank. A day or two before the making of the note he went to Rutledge, a few miles from Willow River, where Townsend and the Pangerls lived. He arranged either with Townsend to get the Pangerls to make a new note, or with Paul Pangerl personally. He later made out the note at the bank and sent it by mail to Townsend and the Pangerls signed it. Pangerl did not know that the note ran to Townsend. Townsend's explanation of his indorsement is that he had the note among some checks for deposit, that Praxel called in a few days and was to take the checks to the bank, and that in indorsing the checks he inadvertently indorsed the note. He then refused to deliver it until Praxel gave him what he calls a "clearance." This was furnished a few days later in the form of a memorandum signed by Praxel agreeing to reimburse him if he had to pay the note and it was then delivered to Praxel for the bank and was credited upon the $1,178.60 note. The Pangerls got the benefit of it. Townsend got nothing. It was never a subsisting obligation between him and the Pangerls. He was on it as an accommodation either for the Pangerls or for the bank. The Pangerls never heard of his connection with it until suit brought. He was not accommodating them. The evidence is conclusive that Townsend indorsed and delivered the note at the request of Praxel and as an accommodation to the bank. Townsend says

that Praxel suggested that this would avoid the necessity of getting a new note from the Pangerls. Whatever Praxel did in connection with the transaction was done for the bank. It was wholly a bank transaction. The giving of the so-called "clearance" was as much a bank act as the taking of the note. If Townsend had indorsed the note as an inducement to the bank to give the Pangerls an extension there would have been a consideration. This was not the arrangement. Why the bank wanted a note from the Pangerls for $352, or for any amount, is a matter of conjecture. Praxel was not a witness. From the statements of counsel at the trial we take it that he is not available. Perhaps he could explain the transaction. Townsend's explanation is not very satisfactory and all of the transaction has not been explained. Upon the evidence before us the controlling fact is that Townsend's indorsement was for the bank's accommodation. He is not liable to the bank upon it.

2. Evidence of a parol contemporaneous agreement varying the effect of an indorsement made upon the sale and transfer of a promissory note is inadmissible. Giltner v. Quirk, 131 Minn. 472, 155 N. W. 760, and cases cited; 1 Dunnell, Minn. Dig. § 3368. Knoblauch v. Foglesong, 38 Minn. 352, 37 N. W. 586, is a leading case. This rule does not trench upon the equally well settled one that want of consideration and that paper was given for accommodation may be shown by parol. These two, the accommodation character of paper and want of consideration, are inseparably connected and may be shown by parol. 1 Dunnell, Minn. Dig. §§ 977, 3373; National Citizens Bank of Mankato v. Bowen, 109 Minn. 473, 124 N. W. 241; Shalleck v. Munzer, 121 Minn. 65, 140 N. W. 111; Kragnes v. Kragnes, 125 Minn. 115, 145 N. W. 785.

Judgment reversed.