DROVERS CATTLE, LOAN & INVESTMENT COMPANY v.
ELIZABETH McGRAW.[1]

September 23, 1921.

No. 22,467.

**Contract — parol evidence admissible to show when it was to take effect.**

1. Parol evidence *held* admissible to show that a contract in the form
of a promissory note delivered by the maker to the payee, the plaintiff,
was not intended to be operative as a contract from its delivery, but
only on the failure of the maker to keep and perform all the conditions
of the agreement.

**Verdict sustained.**

2. Evidence considered and *held* sufficient to justify the verdict.

**Charge to jury.**

3. Charge of the court considered and *held* not to contain any re-
versible error.

**Conduct of counsel.**

4. There was no reversible error in the conduct of counsel for de-
fendant in his argument to the jury.

Action in the district court for Meeker county to recover $1,038.91
upon a promissory note. The facts are stated in the opinion. The
case was tried before Daly, J., who at the close of the testimony when
both parties rested denied plaintiff's motion for a directed verdict, and
a jury which returned a verdict in favor of defendant. From an order
denying its motion for judgment notwithstanding the verdict or for a
new trial, plaintiff appealed. Affirmed.

[1]Reported in 184 N. W. 365.

*Alva R. Hunt,* for appellant.

*N. D. & C. H. March,* for respondent.

QUINN, J.

Action to recover a balance claimed to be owing upon a promissory note executed by the defendant May 20, 1919, whereby she promised to pay to the order of the plaintiff, on October 15 thereafter, the sum of $3,355.47, with interest at 8 per cent. The answer in effect alleges that, at the time of the making of the note, the defendant purchased from plaintiff and Swanson & Gearen, 62 head of cattle then in the stockyards at South St. Paul; that as a part of said contract of sale plaintiff and W. E. Gearen stated to defendant that, if she would pay to them $300 cash and give plaintiff a note and chattel mortgage on said cattle for $3,355.47, and take them to her farm in Meeker county and pasture, feed and care for the same until plaintiff or Swanson & Gearen called for them, and then ship them back to South St. Paul, as plaintiff or Swanson & Gearen might direct, they would receive and sell the cattle, and, if they sold for more than the amount of the note, they would turn over the overplus to the defendant, and that in no event would she be asked to pay any sum or amount other than the first $300, and that they would look to the cattle for the payment of the note. That, relying upon said statements, the defendant entered into the contract and paid the sum of $300 by check and signed the note in question. That thereupon defendant took said 62 head of cattle to her farm, pastured and cared for them from May, 1919, to November, 1919; that on or about November 1 Gearen requested defendant to send the cattle to South St. Paul to the Haas Commission Company, and pursuant thereto defendant did ship all of said cattle save three that had died, to the Haas Commission Company as requested. That on November 6 the plaintiff notified defendant that the Haas Commission Company had turned over to them $2,441.82 to apply on the note, and that there still remained due thereon a balance of $1,023.99 and interest. That the defendant has in all things performed her part of said agreement and that she returned the cattle as requested and has received nothing for

pasturing and caring for the same. The reply puts in issue the allegations of the answer.

The cause was tried and submitted to a jury and a verdict returned in favor of the defendant. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appeals.

In April, 1919, defendant resided upon a farm of 320 acres in Meeker county, this state, which her husband owned and at his death left to the defendant and their seven children. On the trial defendant offered and was permitted, against plaintiff's objection to its competency, to prove by parol that, notwithstanding the delivery of the note, it was intended by the parties that it would become operative as a contract only in case she failed to live up to the terms of her contract in caring for and returning the cattle for sale in the fall and applying the proceeds thereof in extinguishment of the contract. The competency of such testimony is the only serious question in the case. The objection thereto was that it constituted an attempt to vary the effect of a written contract by parol.

Defendant testified, in effect, that she went to South St. Paul to procure some cattle to feed during the summer months. That she met Mr. Gearen, of the firm of Swanson & Gearen, dealers in cattle, and entered into an agreement to take 62 head of cattle at $9.25 per cwt, amounting to the sum of $3,655.47, agreeing to pay $300 cash to take the cattle to her farm, pasture and care for them during the summer and in the fall return the same to Swanson & Gearen for sale as they might direct. That by such agreement they were to sell the cattle, apply the proceeds on the note and pay Mrs. McGraw the overplus, if any there was, less freight and commission. That thereafter Mr. Gearen requested her to go with him to the plaintiff's office and have Mr. Green, who it appears was the secretary and treasurer of plaintiff and assistant cashier of the Drovers State Bank of South St. Paul, prepare the note and mortgage. That the plaintiff's office was in the banking rooms of the Drovers State Bank. That they there met Mr. Green and informed him of their purpose and Mr. Green questioned her about the amount of property she had, etc.; that she then informed him of the terms and conditions of the agreement, and he told her that the agreement would

stand and that it was understood and agreed that they were to look to the cattle for the payment of the note, and that defendant would be asked to pay the note only through the sale of the cattle, and that she then signed the note which Swanson & Gearen indorsed and gave Green a check or draft for the cash payment of $300.

For the purpose of this case it may be said that, had the note been made payable to Swanson & Gearen and had the action been brought by them instead of the loan and investment company, the oral testimony as to the transaction might have been received under the rule announced in Merchants Exchange Bank v. Luckow, 37 Minn. 542, 35 N. W. 434, and cases therein cited, and, if found true and sufficient to establish defendant's contention, would be a complete bar to a recovery of the balance unpaid on the note. Plaintiff's situation is not different. If the testimony of defendant is true as to what she related to Green, the plaintiff would be deemed in law to have had full notice of the conditions of the transaction. Swanson & Gearen, as individuals, indorsed the note before delivery. Green then turned it over to the Drovers State Bank, together with the $300 draft, and credit on the bank's books was given to Swanson & Gearen, subject to check, but it does not appear that the same was ever checked against. The plaintiff gave no consideration for the note so far as appears from the record.

If the agreement was as related by the defendant, and her testimony in relation thereto stands uncontradicted, if she made known to the plaintiff at the time of the giving of the note all the conditions thereof as she testified she did, and if she kept and performed all the conditions of the agreement, and the undisputed evidence is to that effect, then the note never became operative beyond the amount the cattle might bring in the fall. It was delivered and held in the nature of a pledge that the agreement would be performed. The note expresses only the method of payment in case the maker failed to keep her contract. The following cases are in point: Healy v. Young, 21 Minn. 389; Gammon v. Ganfield, 42 Minn. 368, 44 N. W. 125; Germania Bank of Minneapolis v. Osborne, 81 Minn. 272, 83 N. W. 1084. As stated in Giltner v. Quirk, 131 Minn. 472, 474, 155 N. W. 760, the evidence is admissible where the note was given as a part of a larger transaction, the facts

with. reference to which give an independent right to defeat recovery. We hold that the evidence was competent and sufficient to justify the verdict. We find no reversible error in the charge of the court, nor in the conduct of counsel for defendant.

Affirmed.