# FRED TIEDT v. JOHN F. JOHNSON.[1]

February 3, 1922.

No. 22,554.

**Exchange of chattels—finding as to mortgage sustained by evidence.**

1. The plaintiff and the defendant traded tractors. The contract rested in parol. There was a mortgage on the defendant's tractor. The evidence sustains a finding that the amount to be paid by the defendant to the plaintiff upon the exchange was increased by the amount of the mortgage and the total was put into notes; and that it was agreed that if the defendant paid the mortgage he should have an allowance or credit as of the date of the trade.

**No violation of parol-evidence rule.**

2. Evidence of the agreement as to the mortgage, which was a part of the oral contract of exchange, did not offend the parol-evidence rule.

**Written receipt for promissory notes not the contract—parol evidence admissible.**

3. After the trade and the execution of the notes the plaintiff gave the defendant a receipt for them, referring also to some plowing which it was contemplated the defendant should do, but not mentioning the mortgage. The receipt was not the contract and parol evidence as to the mortgage agreement was not objectionable as varying the terms of a written contract.

Action in the district court for Marshall county to recover $750 on a promissory note. Defendant set up a counterclaim for $500 and offered judgment for the balance. The case was tried before Grindeland, J., who at the close of the testimony denied plaintiff's motion for an instructed verdict in his favor, and a jury which returned a verdict for $337.37. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Julius J. Olson, Rasmus Hage* and *Martin O'Brien,* for appellant.
*A. N. Eckstrom,* for respondent.

[1]Reported in 186 N. W. 779.

DIBELL, J.

Action on a promissory note for $700. There was a verdict for the plaintiff for $337.37. He appeals from the order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

1. In June, 1917, the plaintiff and the defendant traded tractors. The contract was oral. The note in suit is one of three, aggregating $2,045, given in concluding the trade.

The controversy on the merits is as to the amount which the defendant was to give as boot money. Stating it in round figures the plaintiff claims that the amount was $2,000 and the defendant claims that it was $1,500. There was a mortgage of $500 on the defendant's tractor. The testimony of the defendant is that the plaintiff proposed that the $500 be added to the notes given for the difference, and that the defendant get the parties from whom he had bought the tractor and to whom the $500 was owing to carry it over the year. He made the arrangement with his vendor. The plaintiff wanted it this way so that, if the mortgage was not paid and the tractor lost to him, he would have the defendant's obligation for the boot money and the amount of the mortgage, which was about the value of the tractor; and it was agreed that if the defendant paid the mortgage he would be allowed a credit of $500 on the notes as of the date of the original transaction. This, he claims, is why the notes were of the total amount stated instead of $1,500 or about that. He paid the $500 mortgage. At the time of the trade there was also an indefinite agreement, of only incidental importance here, contemplating that the defendant should do some plowing for the plaintiff at a stipulated price and that the money earned would be applied on the promissory notes. Some plowing was done and the money earned was applied accordingly.

The jury accepted the defendant's version of the contract. The testimony of both the plaintiff and the defendant is positive. Each has supporting evidence. The issue was for the jury. It could have found either way, and a finding for the plaintiff would be quite as well supported. Its finding has the approval of the trial court and it is not to be disturbed by us.

2. The plaintiff contends that the evidence as to the effect of the payment of the mortgage varies the terms of the notes and that its reception was in violation of the parol-evidence rule.

The agreement of exchange rested in parol. It was performed by the defendant so far as concerns the payment of the mortgage. Not as much plowing was done as was contemplated but no complaint is made of it.

The evidence that the defendant was to have an allowance or credit of $500 in the event he paid the mortgage upon the tractor which he traded did not vary the terms of the notes. The agreement for this allowance or credit was a part of their consideration. When he paid he was entitled to a credit and could offset the amount if sued. If the notes had been sold to an innocent purchaser, and had been paid by the defendant, he could have recovered of the plaintiff the $500 which he paid on the mortgage. The contract was not that the notes were not to be paid according to their terms. That would constitute a forbidden variance by parol. See Security Nat. Bank v. Pulver, 131 Minn. 454, 155 N. W. 641; Harrison v. Morrison, 39 Minn. 319, 40 N. W. 66; Knoblauch v. Foglesong, 38 Minn. 352, 37 N. W. 586. The contract was that if the defendant paid the mortgage, the amount of which was included in the notes, so that the tractor would be free, he should have a credit for the $500. The proof of the promise to credit the $500 did not offend the parol-evidence rule. Germania Bank v. Osborne, 81 Minn. 272, 83 N. W. 1084; Shove v. Martine, 85 Minn. 29, 88 N. W. 254, 412; Backus v. Sternberg, 59 Minn. 403, 61 N. W. 335; State Bank v. Pangerl, 139 Minn. 19, 165 N. W. 479; Almich v. Downey, 45 Minn. 460, 48 N. W. 197. And see Drovers C. L. & Inv. Co. v. McGraw, 150 Minn. 50, 184 N. W. 365; Giltner v. Quirk, 131 Minn. 472, 155 N. W. 760; National Citizens Bank v. Bowen, 109 Minn. 473, 124 N. W. 241; Shalleck v. Munzer, 121 Minn. 65, 140 N. W. 111.

3. After the transaction was closed and on the same day the plaintiff gave the defendant a receipt for the three notes. This receipt referred to the plowing but said nothing of the agreement as to the $500 mortgage. It was signed by the plaintiff, but not by the defendant. It was given after the agreement of exchange was made

and was not the contract of exchange, which was in parol. It did not preclude evidence of the parol transaction upon the theory that it was the contract.

Some other claims of error are made. None call for specific mention. The case was tried on its merits and was clearly presented to the jury on the one question of fact, that is, the agreement as to the $500 mortgage, and the verdict should stand.

Order affirmed.

BROWN, C. J. (dissenting).

The decision rendered will expose all negotiable instruments as well as other written contracts, full and complete on their face and free from ambiguity, to defeat by evidence of some contemporaneous parol agreement negativing or limiting the liability expressed and declared in the writing. In my view of the facts here presented, there being no fraud or claim of fraud, no rights asserted under a collateral contract of warranty, nor failure of consideration or claim of conditional delivery of the note, the question involved is controlled by the rule applied in Harrison v. Morrison, 39 Minn. 319, 40 N. W. 66; Bruns v. Schreiber, 43 Minn. 468, 45 N. W. 861; Sayre v. Burdick, 47 Minn. 367, 50 N. W. 245; Graham v. Savage, 110 Minn. 510, 126 N. W. 394, 136 Am. St. 527, 19 Ann. Cas. 1022; Samuel H. Chute Co. v. Latta, 123 Minn. 69, 142 N. W. 1048; Virginia & Rainy Lake Co. v. Helmer, 140 Minn. 135, 167 N. W. 355; Giltner v. Quirk, 131 Minn. 472, 155 N. W. 760; and National Security Bank v. Pulver, 131 Minn. 454, 155 N. W. 641. The effort of defendant in this case is to engraft upon the liability unconditionally created and expressed by the note, a limitation, predicated upon a parol agreement made at the time, and dependent upon the happening of a future event in a particular way; the parol agreement being that, if defendant should at a future date pay the mortgage indebtedness against the tractor which he turned in as a part of the transaction, then and in that event the note in suit, for $700, should stand as a liability against him in the sum of $200 only; but that, if plaintiff paid the mortgage debt, then the note should remain at its face value of $700. In my view of the matter this violates the rule excluding parol evidence

in such cases. Graham v. Savage, supra; Union Mut. Ins. Co. v. Mowry, 96 U. S. 544, 545, 24 L. ed. 674. The rule has its exceptions, not here present, but the application of the rule itself cannot well be made to depend upon the question whether the evidence is tendered as defensive matter or in support of a counterclaim or set-off.

There should be a reversal.

QUINN, J. (dissenting).

I concur in the dissent of Chief Justice Brown.