# CHIPPEWA COUNTY STATE BANK v. PHIL CALMENSON AND OTHERS.[1]

January 12, 1923.

No. 23,193.

**Bank was good faith holder of notes not given for accommodation.**
The evidence sustains the finding that certain notes given by the defendants to the plaintiff bank were given to raise money for a corporation in which the defendants were interested, and not as an accommodation to the bank; that the notes in suit were renewals given by the defendants to the corporation and by it indorsed, and that the plaintiff was a good faith holder.

Action in the district court for Chippewa county to recover $10,-000 upon promissory notes. The case was tried before Daly, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which answered the three special questions submitted to it as stated in the third paragraph of the opinion. The court made findings incorporating the special findings of the jury, and ordered judgment in favor of the plaintiff for the amount demanded. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Oluf Gjerset* and *J. O. Haugland,* for appellants.

*C. D. Bensel,* for respondent.

DIBELL, J.

Action to recover on two promissory notes of $5,000 each, dated June 26, 1920, payable to the order of the Moyer Manufacturing Company, and by it indorsed. By consent of the parties three questions were submitted to the jury. Otherwise the trial was to the court. There were findings for the plaintiff for the amount claimed. The defendants appeal from the order denying their motion for a new trial.

[1]Reported in 191 N. W. 397.

On January 6, 1919, the defendants, together with one Charles A. Ross, made their two notes of $5,000 each payable to the plaintiff bank. The notes in suit were given in renewal of these two notes. It is the contention of the defendants that the notes of January 6, 1919, were given as a matter of accommodation to the bank, and that, being accommodation makers for the bank, they are not liable to it within the holding in State Bank of Willow River v. Pangerl, 139 Minn. 19, 165 N. W. 479, and other cases.

The jury, upon the three special questions submitted to them, found: (1) That the defendants did not, when they signed the 1919 notes, understand that they were given for the accommodation of the bank; (2) that at the time they executed and delivered the notes in suit they knew or in the exercise of ordinary care and prudence should have known that the notes were made payable to the bank, and (3) that the defendants did not execute the notes in suit for the accommodation of the bank.

The court adopted these findings and found that the bank was a good faith holder in due course. The findings are sustained, and the plaintiff properly prevailed.

The defendants were directors and interested in the Moyer company. Lloyd G. Moyer was the president of the plaintiff bank. M. B. Moyer, his son, was the president of the Moyer company. There is evidence sustaining the finding that the 1919 notes were not made as an accommodation to the bank, but to raise money for the company. L. G. Moyer, it is true, was concerned in the transaction which resulted in their execution. There is evidence that the Moyer company was in financial stress, and that it had exhausted its direct line of credit with the plaintiff bank; and there is evidence, perhaps conclusive, that the proceeds of the 1919 notes were credited to the Moyer company and withdrawn in due course for its purposes. If all this be so, the status of the 1919 notes determines the validity of the notes in suit. If it were true that L. G. Moyer took the 1919 notes as an accommodation to the bank, and the 1920 notes in renewal, there would be a different question, but the findings are to the contrary.

The defendants complain of certain remarks of the court, and of its instructions to the jury. We have considered them all. We find nothing that should change the result.

Order affirmed.