CONRAD BOHN and another *vs.* J. C. McCARTHY and another.

December 30, 1881.

Constitution—Mechanic's Lien—Subcontractors.—The act of 1878, (Gen. St. 1878, *c.* 90, § 2,) providing for a lien in favor of subcontractors, is not unconstitutional.

Bond in lieu of Lien—Right of Action Thereon.—Where a bond has been executed by the principal contractor, and approved, filed, and published, as prescribed by section 3 of the statute, no right of lien exists in favor of a subcontractor. He has a right of action upon the bond without taking any of the steps necessary, under the statute, for securing a lien upon the property.

The case containing the facts in this action was agreed upon by the parties, and submitted to the district court for Ramsey county, under Gen. St. 1878, *c.* 82, § 7. The plaintiffs, having furnished materials to be and which were used in the erection and construction of a house, and not having received payment for the same from the contractor building the house, seek to recover the price of such materials from the defendants, as sureties upon the contractor's bond, which was executed, approved and filed in accordance with Gen. St. 1878, *c.* 90, § 3, and a notice of the existence of which was conspicuously posted on the premises on which the house was built. It also appears from the case submitted that no account, as provided for in Gen. St. 1878, *c.* 90, § 6, or at all, has ever been filed, and it does not appear from the case that the plaintiffs have taken any other steps to secure a lien upon the house or premises. Judgment was ordered for plaintiffs by *Wilkin,* J., from which defendants appeal.

*O'Brien & Wilson,* for appellants.

*C. D. Kerr,* for respondents.

DICKINSON, J. By amendment in 1878, (Laws 1878, *c.* 3,) the statute relating to mechanics' liens (Gen. St. 1878, *c.* 90) was extended in favor of subcontractors and laborers in the employ of those contracting directly with the owner for the construction or repair of the various structures in the statute mentioned, (excepting railway structures, in respect to which specific provision is made.) As amended, section 1

of the statute provides for a lien in favor of parties furnishing materials or performing service under a contract or agreement with the owner of the property.

Section 2, so far as need be stated, is as follows: "Every mechanic or other person doing or performing any work towards the erection, alteration, or repair of any house, mill, manufactory, or other building, * * * or furnishing any material for the construction, alteration, or repair of such building, * * * whether such work is performed as journeyman, laborer, carman, subcontractor, or otherwise, shall have a lien for the value or contract price of such labor and materials upon such house, mill, manufactory, or other building, * * * together with the right, title, or interest of the person owning such house, mill, manufactory, or other building and appurtenances, on and to the land upon which the same is situated, not exceeding" a prescribed area.

Section 3 enacts that "upon entering into a contract to do any work or furnish any materials for which a lien might accrue under section one of this chapter, if the contractor will enter into a bond with the owner, for the use of all persons who may do work or furnish materials pursuant to such contract, conditioned for the payment of all just claims for such work or materials as they become due, (which bond, shall be in such an amount, not less than the price agreed to be paid for the performance of such contract, and with such sureties as shall be approved by the judge of the district court, * * *) and shall file the same in the office of the register of deeds of the county, * * * then no lien shall attach in favor of the persons mentioned in section two of this chapter. Such sureties shall justify in double the amount of the bond so given, but such bond shall not operate to relieve from liability the property upon which such labor or material shall be expended, unless a notice, setting forth the existence of such bond, be kept conspicuously posted about the premises during the performance of such labor, and at the time of furnishing such material."

Section 4 provides that such a bond may be made and filed at any time after the making of the contract, and that when so done it shall

discharge such liens as shall have theretofore accrued, and prevent the accruing of others thereafter.

Section 5 provides that "any person entitled to a lien under the provisions of section two of this chapter shall be considered a party in interest in said bond, and may bring an action thereon in his own name for the value or contract price of labor done or materials furnished under the provisions of the contract with the owner."

Section 6: "Any person entitled to a lien under the provisions of section two of this chapter shall make an account in writing of the items of labor, skill, materials, or machinery furnished, * * * and, after making oath thereto, shall, within sixty days after the time of performing such labor or skill, or furnishing such materials or machinery, file the same in the office of the register of deeds, * * * which account, so made and filed, * * * shall for one year from * * * operate as a lien upon" the property.

This appeal is by the sureties upon a bond executed by a contractor for the erection of a dwelling-house, which bond was executed, approved, filed, and notice of which was posted, as prescribed by section three of the statute. The plaintiffs furnished the lumber for the structure under a subcontract, made with the principal contractor, and the appeal is from a judgment in their favor upon the bond.

The statute giving a lien to subcontractors is not unconstitutional. It cannot be questioned that by statute a lien may be given in favor of builders, laborers, and material-men, contracting, subsequent to the enactment of the statute, directly with the owner of the property. Such a lien is not a charge imposed upon the property of the owner by legislative enactment, without his consent, and without process of law. Parties contracting while such a statute is in force, which is intended to annex certain incidents to such contracts, and which provides that a lien shall attach in certain cases, are presumed to contract with reference to such statute; and unless the parties by express agreement exclude such presumption, the statutory provisions are annexed to the contract expressly made, and are to be construed as a part of it. The same principle applies in respect to the statute providing for liens in favor of subcontractors and those performing

service, not under contract made directly with the owner, but under the principal or immediate contractor. *Blauvelt* v. *Woodworth*, 31 N. Y. 285. And see *O'Neil* v. *St. Olaf's School*, 26 Minn. 329.

To give a right of action upon the bond, it was not necessary that the subcontractor should have taken any of the steps necessary to secure a lien upon the property in his favor. The very purpose and object of the statute providing for the execution of a bond was to prevent or save the imposition of such liens, where the payment of subcontractors and laborers had been thus secured. The bond being executed, approved, and filed, and notice of the same posted as prescribed, it is expressly provided that no lien should attach.

The filing of the account by the claimant is simply the means by which a lien may be perfected under the statute, and the steps prescribed in the statute in respect to the filing of the account are directed to that end only. But when a bond has been executed as prescribed, it is beyond the power of the subcontractor to effect a lien upon the property, and no reason exists for requiring the performance of acts which have no reference to any other result. To file the verified account in such case would impose a cloud and a record of an encumbrance upon the property, when no such encumbrance could in fact exist, and produce to some extent the very inconvenience and embarrassment which by the bond security the statute sought to avoid. While section six does in terms provide that "any person entitled to a lien under the provisions of section two" should make and file such account, it is still clear that it is intended only to apply and be operative where a bond has not been given, and where, hence, a lien could be effected; for the same section further provides that such "account," made and recorded as prescribed, "shall * * * operate as a lien" upon the property, while section 3 provides that when a bond shall have been given, "no lien shall attach in favor of the persons mentioned in section two."

The bond expresses the obligation of the parties executing it, entered into voluntarily and in accordance with statutory provisions, for the purpose of securing the performance of certain obligations; and, upon breach of the conditions of the bond, a right of action upon it exists in favor of those who, by its terms as well as by force

of the statute, are the real parties in interest. The time within which such action may be brought is not limited by the period prescribed for perfecting liens under the statute.

Having thus passed upon all of the grounds upon which appellants rely, and the judgment being in accordance with our views of the law, it is affirmed.

NOTE. Another case between the same parties, involving the same facts and legal questions as those in the foregoing case, was argued at the same time with it, and decided in the same way.