CYRUS SCHWAB vs. THOMAS S. RIGBY.

May 14, 1888.

Deed Signed on Sunday, but Delivered on Monday. — A deed is not executed until delivery. Therefore, although signed and sealed on Sunday, yet, if not delivered until a succeeding secular day, it is valid.

Appeal by plaintiff from a judgment of the district court for Olmsted county, where the action was tried by *Start,* J., a jury being waived.

*Kellogg & Eaton,* for appellant.

*W. Logan Brackenridge,* for respondent.

GILFILLAN, C. J. This is an action in ejectment. It was tried by the court below without a jury. It is found that April 25, 1885, the defendant was the owner in fee of the real estate. On and prior to that date there was an action pending, brought by this defendant's wife against this plaintiff and defendant, to recover certain real estate which the wife claimed had been conveyed to this plaintiff in fraud of her rights. On said day the parties agreed on a settlement on these terms: this plaintiff to convey to her the real estate involved in that action, and she to execute to him a mortgage upon it in the sum of $950, and this defendant and wife were to execute to this plaintiff a conveyance of the real estate in controversy in this action. The agreement to settle was oral. The defendant was to execute the deed of said real estate to plaintiff, and leave it with Allen & Parkhurst, a firm of attorneys in Duluth, who were to procure the wife to execute it, and, when so executed, were to deliver it to plaintiff when the conditions of the settlement were performed. On that day the deed of defendant and wife was prepared, and on the next day, which was Sunday, this plaintiff and defendant went to the office of Allen & Parkhurst. The defendant signed and sealed the deed, acknowledged its execution before a notary public, and left it with Allen & Parkhurst. The notary appended his certificate of acknowledgment on Monday, the 27th, and dated it on that day. Allen & Parkhurst procured the wife to execute and acknowledge the deed,

and then sent it to plaintiff, who received it and had it recorded. The only objection taken to this deed is that it is void by reason of having been signed, sealed, and acknowledged on Sunday.

The case is not essentially different from *State* v. *Young*, 23 Minn. 551, in which it was held that a bond signed on Sunday, but not delivered till a secular day, was good, on the elementary principle of law that a bond (and it is the same with any other deed) is not executed till delivered; and, if the delivery be on a secular day, it is executed on that day. All that is done prior to delivery is only preparatory. The inserting the names of the parties, the description of the premises in a deed of conveyance, the terms of the contract, the signing and sealing, are steps towards the execution, but they amount to nothing till the final act of delivery. It is that which gives life and force to all done before. The writing on Sunday of any essential part of a deed, as (in a deed of conveyance) inserting the name of the grantor or of the grantee, or the description of the premises, or the terms and conditions of the conveyance, if the deed was delivered on a secular day, could not avoid the effect of the delivery; and the signing and sealing on Sunday could not have any more effect on the delivery. Inasmuch as the acknowledgment is not essential to the validity of the deed as between the parties, the fact that it was taken on Sunday is immaterial. The agreement for the settlement, and to leave the deed with Allen & Parkhurst to be delivered by them when it and the other matters of settlement were perfected, appears to have been made on a secular day. And the fact that it was handed to them on a Sunday for the purpose of such agreement is of no importance, as it remained in their hands for such purpose till properly delivered by them.

The judgment must be reversed, and the court below directed to enter judgment for the plaintiff.

VANDERBURGH, J., (*dissenting*.) The parties went together to the office of their attorneys on the Sunday in question. The defendant then and there executed and acknowledged the deed, and delivered the same to the attorneys for the plaintiff's use, and they retained it solely in order to procure the signature of the defendant's wife, who

lived apart from him.  He exercised no further control over it, and
it was not intended that he should.  The execution and delivery of
the deed to the attorneys on Sunday, without which there could have
been no final delivery, was within the prohibition of the statute, and
I think the court was right in holding the deed void for that reason.
The judgment should be affirmed.