JOHN KRAUS *vs.* THOMAS MURPHY, impleaded, etc.

May 15, 1888.

**Mechanic's Lien—Liability of Owner to Subcontractor, notwithstanding Bond Taken and Notice Posted.**—Notwithstanding the owner of a building has procured and filed the bond of his contractors, provided for in Gen. St. 1878, c. 90, § 3, and posted the notice therein mentioned, a subcontractor is entitled to a lien upon the premises if, as a matter of fact, such notice was not posted upon or about the premises during any part of the time in which said subcontractor performed labor and furnished materials.

Appeal by defendant Murphy, impleaded with Lindsley & Tasse, from a judgment of the district court for Ramsey county, *Brill,* J., presiding.

*C. D. & Thos. D. O'Brien*, for appellant.

*E. St. Julien Cox*, for respondent.

Collins, J. Plaintiff, as a subcontractor, furnished materials and performed labor upon a house erected for the defendant Murphy by the other defendants, under contract, for the value of which materials and labor he now seeks to enforce a lien, as provided by Gen. St. 1878, *c.* 90, § 2. Defendant Murphy alone answered, and, upon a trial of the issues, the court found as facts the essential allegations of the complaint, and that the defendant contractors executed to Murphy the bond mentioned in section 3 of chapter 90, who then, and before any of the materials were furnished or labor performed by plaintiff, "conspicuously posted" upon his premises the notice mentioned in said section; but that it "was not, nor was any notice, posted on or about said premises at all during the time plaintiff was providing his materials and doing his work."

By section 3 two things are contemplated, one of which, (the giving of the bond,) it may be said, is for the protection of the work and material-men, as well as the property holders; the other, (the posting of the notice,) for the benefit of the material-men and those who perform the labor. To the latter a remedy is given upon the bond, if they so determine, and to it they are restricted, providing there has been a compliance with the statute in respect to notice. *Bohn* v. *McCarthy*, 29 Minn. 23, (11 N. W. Rep. 127.) This statute provides that notice of the existence of such a bond must "be kept conspicuously posted about the premises, during the performance of such labor, and at the time of furnishing such material." In this instance such a notice was posted, but for what length of time we are not advised. It is indisputable, however, that no notice was posted during any part of the period plaintiff was engaged upon the house, at which time he was entitled to its warning or benefit, as the case might be. This part of the statute was evidently designed to be of service to the workmen, as well as to those who furnish materials; and to render it of any service, we must hold that there was a failure in this case to comply with it, and, by reason of the failure, plaintiff is entitled to the remedy now demanded. To say that the property owner must see that the notice is kept posted

is, perhaps, imposing upon him a hardship; but, bearing in mind the object of this particular feature of the statute, its manifest aim and purpose, we have no hesitation in concluding that, to avoid liability under the terms of section 2, he who builds must reasonably and substantially comply with the conditions as to notice mentioned in section 3.

Judgment affirmed.