EDWARD P. DENNIS *vs.* ANSON B. JACKSON *et al.*

Submitted on briefs May 9, 1894. Affirmed May 15, 1894.

No. 8644.

**The implied contract of indorsement not to be varied by parol.**

Where a party signs his name on the back of a promissory note before delivery, for the purpose of giving it credit: *Held*, he cannot show by parol that his agreement was that of indorser, and not of maker. *Held*, further, that the fact that he was indorser of a prior note, for which this note was substituted, will not change the rule.

Appeal by defendant, Frederick A. Dunsmoor, from an order of the District Court of Hennepin County, *Henry G. Hicks*, J., made December 9, 1893, striking out his answer as sham.

On December 2, 1889, defendant, Anson B. Jackson, made his negotiable promissory note for $1,110 payable to the order of Otis M. Humphrey three years thereafter with interest semiannually. Dunsmoor wrote his name across the back of this note and it was then delivered to Humphrey. He afterwards sold and transferred the note before due to the plaintiff Edward P. Dennis. The interest was paid to December 2, 1892. Dennis brought this action against Jackson and Dunsmoor to recover the amount of the note with interest after its maturity.

Dunsmoor alone answered. He alleged that it was agreed between him and Humphrey when he wrote his name on the back of the note that he should be regarded and treated not as maker but as indorser, that the note was given in renewal of one on which he was indorser and the agreement was that he should remain on the new note in the same situation he was in upon the old note, that when this new note fell due it was not protested for nonpayment or notice given him, and that for that reason he was discharged. Plaintiff moved the court on notice to strike out this answer as sham and irrelevant and for judgment as for want of an answer. The court granted the order and directed judgment to be entered as for want of an answer. The defendant Dunsmoor did not wait for judgment to be entered, but appealed from this order (*Croft* v. *Miller*, 26 Minn. 317.)

*C. A. Bucknam,* for appellant.

Plaintiff takes the position that the answer pleads a parol agreement between Humphrey and Dunsmoor contradicting the terms of a written contract. Now the written contract if it be one, is made up of Dunsmoor's signature and a statement of the time of putting it on the note and a statement that it was so put there to induce credit. Dunsmoor contends that the answer discloses an express original contract which may be shown by parol evidence. *Buck* v. *Hutchins,* 45 Minn. 270; *Holmes* v. *First Nat. Bank,* 38 Neb. 326; *Bailey* v. *Stoneman,* 41 Ohio St. 148; *Good* v. *Martin,* 95 U. S. 90.,

The question is, where shall the liability of Dunsmoor rest, whether upon an implied or upon an express contract. That issue is raised by the answer. It does not contradict a written contract. *Allis* v. *Leonard,* 46 N. Y. 688; *Wirgman* v. *Hicks,* 6 Abb. Pr. 17; *Richter* v. *McMurray,* 15 Abb. Pr. 346; *Griffin* v. *Todd,* 48 How. Pr. 15; *Howell* v. *Knickerbocker Life Ins. Co.,* 24 How. Pr. 475.

*Savage & Purdy,* for respondent.

The answer pleads in substance, though in a very argumentative manner, that the appellant indorsed the note before its delivery at the request of the payee with the understanding that he should be liable only as indorser, and this was done to induce the payee to accept it. This makes a case exactly identical with that decided in *Peckham* v. *Gilman,* 7 Minn. 446; *Stein* v. *Passmore,* 25 Minn. 256.

CANTY, J. This is an action brought on a promissory note made by the defendant Jackson to one Humphrey, and on the back of which it is alleged the defendant Dunsmoor wrote his name, before delivery to Humphrey, for the purpose of giving it credit. The complaint further alleges that before maturity Humphrey indorsed and transferred the note to plaintiff.

The answer of defendant Dunsmoor admits the making of the note, and that he wrote his name on the back of it before delivery to Humphrey, but denies that it was for the purpose of giving it credit; and alleges as a defense that this is a renewal of a prior note, made by a third party to defendant Dunsmoor, which was secured by mort-

gage, which note he (Dunsmoor) sold, indorsed, and delivered to Humphrey, and also assigned to him the mortgage; that this note and mortgage came due on December 20, 1889; that prior to that time, on December 2, 1889, Jackson, who had in the meantime become the owner of the mortgaged real estate, made the note in suit to Humphrey, and secured it by a new mortgage; that before the delivery of this note to Humphrey defendant Dunsmoor indorsed it on the back of it, at the request of Humphrey to make the same indorsement on the back of the new note that he had on the old one; and at the time the note was indorsed to plaintiff he had knowledge of this fact. This answer, on motion of plaintiff, was ordered to be stricken out as sham and frivolous, and from this order Dunsmoor appeals.

We are of the opinion that the order appealed from should be affirmed. Appellant admits that he wrote his name on the back of this note before delivery. The legal effect of this was to constitute him an absolute maker or promisor, and an absolute surety on the note, and not a conditional one. He cannot vary the legal effect of his written contract by parol evidence. This applies to a blank indorsement on a note as well as it does to a contract written out in full. A defendant who signed his name on the back of a note before delivery cannot show that there was a parol agreement made at the same time that he was to be charged as indorser, and not as maker. *Peckham* v. *Gilman*, 7 Minn. 446 (Gil. 355.) It is always competent to prove by parol the time of delivery of a written instrument, even though such proof may change the legal effect of the instrument. Thus it is competent to prove that a contract dated on Sunday was in fact made and delivered on a week day. *State* v. *Young*, 23 Minn. 551; *Schwab* v. *Rigby*, 38 Minn. 395, (38 N. W. 101.) The date of delivery is not a part of the written instrument, but an extrinsic fact. When the time of delivery is ascertained, and the instrument so delivered identified, then parol evidence cannot go further, and add oral words to the written words identified. If, in a case like the present, words are to be added, the law alone must add them. The defendant's answer shows that his contract as to the second note was different from that as to the first note, and also that he signed this second note to give it credit, though in form he denies this.

No point is made as to whether or not this answer should have been assailed by demurrer instead of a motion to strike it out, and no point is made as to whether or not this is an appealable order, and we are not to be understood as deciding either point. Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 59 N. W. 198.)

