SWEDISH–AMERICAN NATIONAL BANK OF MINNEAPOLIS v.
GERMANIA BANK OF MINNEAPOLIS.

June 1, 1899.

Nos. 11,610—(157).

**Deed as Mortgage—Future Advances—Parol Evidence.**

> An instrument in the form of a warranty deed of certain land stated
> that it was given "as security for money owing" the mortgagee, "and
> upon my notes," and that the land should be reconveyed "upon payment
> of my liability" to the mortgagee. At the date of the instrument the
> mortgagor owed the mortgagee $1,500, but eleven days later, when the
> instrument was delivered, the indebtedness amounted to $5,750. *Held*,
> oral evidence is admissible to show that the parties intended that the
> instrument should secure the latter sum, but such· evidence is not ad-
> missible to show that the instrument was intended to secure future ad-
> vances made after its delivery.

Action in the district court for Hennepin county to determine ad-
verse claims to real estate. The case was tried before Harrison,
J., who found that defendant had a lien on the premises by virtue
of the mortgage referred to in the opinion for $1,000 and no more,
and that plaintiff was seised of the premises in fee subject only to
said lien. From an order denying a motion for a new trial, de-
fendant appealed. Reversed.

*Chas. G. Laybourn* and *Henry J. Gjertsen*, for appellant.

*A. Ueland*, for respondent.

CANTY, J.[1] .

On August 13, 1895, one Lund was the owner of two certain city
lots in Minneapolis. He drew up what was, in form, a warranty
deed of the lots to the defendant bank, except that the instrument,
after the granting clause and description of the lots, contained the
following:

"This deed is given by said first parties, and received by said
second party, as security for money owing said bank above named,
and upon my notes, which deed shall be reconveyed by said bank

[1] BUCK, J., absent.

upon payment of my liability to said first party, their heirs or assigns."

He and his wife signed the instrument. It was dated August 13, acknowledged by them August 20, delivered to the defendant August 24, and duly recorded in the register's office October 17, 1895. Two days later, October 19, the plaintiff bank levied an attachment on the lots in an action commenced by it against Lund for the recovery of money. Thereafter plaintiff obtained judgment in that action, and sold the lots on execution issued thereon. The time to redeem expired and no redemption was made.

Thereupon plaintiff brought this action to determine the adverse claims of defendant to the land, and the controversy is as to the amount of indebtedness secured by said instrument executed by Lund and wife to defendant. At the date of the deed (August 13), Lund was indebted to defendant in the sum of $1,500, and had been indebted to it in that amount for some time prior thereto. Between that date and the time of the delivery of the deed, on August 24, he became indebted to the defendant in the additional amount of $4,250, so that at the time of such delivery he was indebted to defendant in the sum of $5,750. After the delivery of the deed, and prior to October 17, he became indebted to defendant in the sum of $2,000 more, so that on the latter date he was indebted to defendant in the total sum of $7,750. All of this indebtedness was for money loaned by defendant to Lund, and it held his notes for the amount of each part of such indebtedness from the time it was incurred.

The trial court held that by reason of the clause above quoted the deed never was security for any more than the amount of indebtedness existing on the day of its date, to wit, $1,500, and refused to receive evidence of the amounts of the indebtedness at the later dates, or of the facts out of which such indebtedness arose, and also refused to receive evidence of a parol agreement entered into between Lund and defendant, before the delivery of the deed, to the effect that it should stand as security for all sums then owing by Lund. The court ordered judgment in accordance with these rulings, and from an order denying a new trial defendant appeals.

In our opinion, the trial court erred in ruling that it must be con-

clusively held that the deed speaks as of the day of its date, and that the proof offered would contradict the terms of the written instrument. A deed takes effect from the day of its delivery, not from the day of its date. The date of a deed can be held conclusive for scarcely any purpose. Even though a deed or note is dated on Sunday, and therefore appears on its face to be illegal and void, it may be proved by oral evidence that the instrument was delivered on a secular day. 4 Am. & Eng. Enc. (2d Ed.) 203, note 9; 8 Am. & Eng. Enc. (2d Ed.) 734, note 3. A deed signed on Sunday is valid if delivered on a secular day. State v. Young, 23 Minn. 551; Schwab v. Rigby, 38 Minn. 395, 38 N. W. 101.

"It is held that, so insignificant is the mere date of a deed, that the delivery may be averred and proved to be either before or after the date; and that, if an absurd or impossible date, or no date at all be found, the grantee may prove the time of execution, if important to be proved, by witnesses. Now, if a deed were dated a month before its delivery, and the grantee was to execute a defeasance according to his bargain, it would seem absurd to require that the bond should be dated back, in order to produce a formal correspondence with the deed." Harrison v. Trustees, 12 Mass. 456, 463.

A quitclaim deed does not pass an after-acquired title. Let us suppose that such a deed, dated on August 13, was delivered on August 24, of the same year, and that at the date of the deed the grantor had no title, but that he had thereafter, and before the delivery of the deed, acquired a title. Would not this title pass by the deed? We are clearly of the opinion that it would. We are of the opinion that the deed here in question speaks as of the day it took effect, if that was the intention of the parties, and that parol evidence is admissible to show that intention; that parol evidence both of the extrinsic facts and of the oral agreement is admissible to show whether or not it was the intention of the parties that the deed should secure all the indebtedness existing at the time the deed was delivered.

On the trial the defendant offered to prove, also, that before the delivery of the deed it was agreed between Lund and defendant that the deed should also secure such future advances as defendant might make to Lund, and that, pursuant to that part of the agree-

ment, defendant, after the delivery of the deed, and before the same was recorded, advanced and lent said $2,000 to Lund as aforesaid. We are of the opinion that the clause in the deed above quoted should be so construed as to expressly confine the scope and purpose of the deed to that of security for "money owing said bank" at the time the deed took effect by delivery, or at the time of its date, or at some time in the meantime, according to the intention of the parties.   The deed is a mortgage on its face, and states that it is given to secure "money owing"; that is, a present, existing indebtedness.   The part of the above-quoted clause which provides for a reconveyance "upon payment of my liability" refers to his liability "for money owing," and cannot be given any more extensive meaning.   We are of the opinion that "money owing" cannot be construed to mean "money that may be owing in the future."   This deed recites that it is given "in consideration of the sum of $10,000 to them [the mortgagors] in hand paid."

Appellant cites well-settled authorities to the effect that it may be shown by parol that a deed absolute on its face was intended as a mortgage to secure future advances.   But we do not see that it is at all material whether the consideration recited in such a deed is one dollar or $10,000.   Again, this is not such a deed.   It is not absolute on its face, but its purpose and what it is intended to secure are expressly stated.   Appellant also cites well-settled authorities to the effect that when a mortgage states that it is given to secure a specified amount of indebtedness, or a promissory note for a certain amount, it may be shown by parol that no such indebtedness existed at the time of the execution of the mortgage, and that the mortgage was given to secure future advances not exceeding the amount which the mortgage states it was given to secure.   In such a case the amount of indebtedness is stated, and it may be proved by oral evidence that the parties, so to speak, reserved that amount of room to be filled in or partly filled in by the incurring of indebtedness in the future, which it was orally agreed the mortgage should secure.   But the recital of a consideration of $10,000 in this mortgage is not a statement that the mortgage was given to secure the payment of that sum.

Appellant contends that as it did not appear on the trial of this

case that there was any ground for issuing the attachment, or that Lund was indebted to the plaintiff, the evidence will not sustain a judgment for plaintiff in this action. We cannot so hold. Plaintiff's judgment became a lien on the lots in any event, and, at the least, plaintiff stands here in the shoes of Lund, and has the same rights that he would have had if plaintiff's attachment, judgment, and execution sale had not intervened.

This disposes of all the questions raised having any merit, and the order appealed from is reversed, and a new trial granted.