FRANK S. BERGER v. SWAN J. TURNBLAD and Others.[1]

May 25, 1906.

Nos. 14,703—(205).

**Mechanic's Lien.**

 The defendant was erecting a house on his lots, and made an agreement with a contractor to furnish all the materials and labor for the plain and ornamental plastering therein. The contractor employed the plaintiff to do a certain part of the work on the ornamental plastering, the major portion of which was done at the shop of the contractor, in making necessary designs, models, and casts, which were exclusively intended for and adapted to the construction of the ornamental plastering, and of no value except for such purpose. The defendant and his contractor adopted the

[1]Reported in 107 N. W. 543.

shop as the place for the doing of such preliminary work of constructing the ornamental plastering for the house, instead of the premises where the house was being erected. After the plaintiff had completed his work, a controversy arose between the defendant and his contractor as to their respective rights under the contract. Thereupon the contractor refused to permit any of such product of the plaintiff's labor to be placed in the house and it never was actually delivered upon the defendant's lots or became a part of his house. *Held*, following Howes v. Reliance Wire-Works Co., 46 Minn. 44, and Burns v. Sewell, 48 Minn. 425, that the plaintiff is entitled to a lien on the house and lots for the value of all of his labor.

Appeal by defendants Swan J. Turnblad and wife from a judgment of the district court for Hennepin county, entered pursuant to the findings and order of Simpson, J. Affirmed.

*Gjertsen & Lund,* for appellants.

*Woods, Kingman & Wallace,* for respondent.

START, C. J.

This is an appeal from a judgment of the district court of the county of Hennepin in favor of the plaintiff, decreeing a lien to the extent of $680.05 upon the premises of the defendant Turnblad, hereafter designated as the defendant.

The only question presented by the record for our decision is whether the facts found by the trial court entitled the plaintiff to a mechanic's lien in any sum in excess of $148.50. Such facts, so far as here material, are substantially these: The defendant was engaged in building a house upon his lots. He entered into an agreement with a contractor doing business in the name of Frank W. Berger & Co., to provide all materials and perform all the labor for the plain and ornamental plastering in the house. In carrying out his agreement, the contractor employed his son, the plaintiff, to do certain of the work on the ornamental plastering for the house at the agreed price of fifty-five cents for each hour of work. Pursuant to such employment the plaintiff worked for the contractor fourteen hundred twenty one hours, his work ending June 17, 1905. He was paid therefor only the sum of $101.50, leaving a balance of $680.05, due from the contractor to him for his work. The contractor actually constructed and placed in the house ornamental plastering to an extent and value not to

exceed $250, upon which the plaintiff worked two hundred twenty one hours. The balance of the work done by the plaintiff was at the shop of the contractor where he was employed in making designs, models, and casts intended exclusively for and adapted to the construction of the ornamental plastering work in the house. This product of his work was of no value or use for any other purpose than that for which it was intended. It was necessary that such designs, models, and casts should be made preliminary to and as the first steps in the work of constructing the ornamental plastering in the house pursuant to the contract. The defendant and the contractor for convenience adopted the shop as the place for doing such preliminary work, instead of the premises where the house was being erected, which was there supervised by the defendant's architect. Shortly after the plaintiff had completed such work at the shop the defendant and the contractor had a controversy as to their respective rights and duties under their contract. Thereupon the contractor, without any justifiable cause, refused to proceed with his contract, and although requested by the defendant so to do he refused to deliver such designs, models, and casts, or any of them, to the defendant, or to permit them to be used in the placing of the ornamental plastering in the house, and no part thereof was ever actually delivered upon the lots of the defendant, or in fact ever became a part of the house.

Do these facts justify the conclusions of law upon which the judgment is based, that the plaintiff performed labor and furnished skill for the erection of the house within the meaning of the statute? The statute then in force (G. S. 1894, § 6229) reads as follows:

> Whoever performs labor or furnishes skill * * * for the erection * * * of any house * * * or other building * * * by virtue of a contract with, or at the instance of the owner thereof or * * * his * * * contractor or subcontractor, shall have a lien to secure the contract price or value of the same * * * upon such house and upon the right, title and interest of the owner thereof.

The defendant claims that through no fault of his but by reason of the wrong of the contractor he was deprived of all benefit of the plaintiff's labor except to the extent of $250, and that other than this the

plaintiff has not performed labor or furnished skill in the erection of the house, and having been paid $101.50 thereon, he is entitled to a lien for only the balance $148.50. It is clear that if the failure to place the product of the work of the plaintiff in the house had been that of the defendant and not of the contractor, the plaintiff would be entitled to a lien for the full value of his labor. If such were this case it would be ruled by the case of Howes v. Reliance Wire-Works Co., 46 Minn. 44, 48 N. W. 448. It was held in the case cited that, where material required by the contract for the construction of a building was prepared at the yard or shop of the contractor with the express or implied consent of the owner of the building, but was never actually placed in the building by reason of the fault of the owner thereof such work of preparation and manufacture must be deemed to have been furnished for the construction of the building, and that the contractor was entitled to a lien therefor.

The converse of this proposition is necessarily true, and if the failure to place the materials in the building is due to the fault of the contractor he is not entitled to a lien. In this case, however, while the product of the plaintiff's labor, although made expressly for the building, at the shop of the contractor with the defendant's consent and under his supervision by his architect, yet it never actually went into his house or upon his premises by reason of the wrongful act of his contractor. Can the wrong of the contractor in this case be imputed to the plaintiff? If the plaintiff's work had been done on the premises or the product thereof had been delivered thereon to be used in the erection of the house, and the contractor had wrongfully taken it away and diverted it to other purposes his wrong could not be imputed to the plaintiff and his right to a lien would be unaffected by the contractor's wrong. Burns v. Sewell, 48 Minn. 425, 51 N. W. 224.

In the last case cited the owner of a lot made a contract with a builder to erect a house thereon. The contractor purchased material to be used in the erection of the house from a third party who delivered it upon the lot, but the contractor removed it from the lot, and never placed it in the building so that the owner of the lot never received any benefit from the material. It was held that the materialman was entitled to a lien on the lot of the owner notwithstanding that by the wrong of the contractor in diverting the material the innocent owner

of the lot never received any benefit from the material. The basis of this holding was succinctly stated by Chief Justice Gilfillan in these words: "Cases may, of course, occur where a dishonest contractor may divert to other purposes material sold and delivered for the purpose of constructing a building. But ordinarily, in such a case, the one who accredits the contractor and enables him to purchase on the credit of the building and land should suffer, rather than the innocent seller of the material."

The necessary inference from the two decisions we have cited is that mechanics and materialmen furnishing labor or materials for the erection of a building, at the request of the contractor, are given by the statute not simply the right to be subrogated to the rights of the contractor, but an independent right to a lien on the building and land upon which it stands, which cannot be defeated by the misconduct or fraud of the contractor. The owner when he enters into a contract with a builder for the erection of a house is deemed to contract with reference to the statute which becomes a part of the contract and in legal effect he thereby consents that his contractor may, subject to the conditions and limitations of the statute, pledge the credit of the building for the necessary labor and materials for its construction in accordance with the contract. Laird v. Moonan, 32 Minn. 358, 20 N. W. 354; Bohn v. McCarthy, 29 Minn. 23, 11 N. W. 127; Bardwell v. Mann, 46 Minn. 285, 48 N. W. 1120.

It is true as a general rule that to entitle a mechanic or materialman to a lien for work performed or materials furnished at the request of the contractor, the work must be done, or the material delivered on the premises upon which the building is being erected. The case of Howes v. Reliance Wire-Works Co., supra, however, establishes an exception to this rule which is to the effect that where the material required for the erection of a building is specially prepared for it at the shop of the contractor with the consent of the owner, the material is deemed to have been furnished on the premises. The exception ought not to be extended to cases not fairly within the principle upon which it rests, otherwise the door will be opened for fraud or collusion between the contractor and the mechanic or materialman.

The finding of the trial court in this case brings it clearly within the exception, for the work of the plaintiff was by the consent of the

defendant, performed at the shop and it was there passed upon by the defendant, by his architect, as the work progressed. The defendant and the contractor adopted the shop as the place for doing the work which was necessary to be done in the erection of his house. The plaintiff's right to a lien then is exactly what it would have been if he had performed the labor in the preparation of the materials for the erection of the house on the premises upon which it was being built, and the contractor had refused to permit the product of his work to be placed in the house. It follows that the fact that the work was done at the shop and not on the premises does not affect the plaintiff's right to a lien.

This leaves only the question whether the wrongful act of the contractor is to be imputed to the plaintiff whereby his right to a lien will be defeated. Upon principle it logically follows, from what we have said as to the basis of a mechanic's or materialman's right to a lien, that his right cannot be impaired by any misconduct of the contractor to which he is not a party. Upon authority it necessarily follows from the decision of this court in the case of Burns v. Sewell, supra, that the right of an innocent mechanic or materialman to a lien cannot be impaired by the wrong or fraud of the contractor in which he in no manner participates. We therefore hold upon the particular facts of this case that the plaintiff was entitled to a lien for the full value of his work.

Judgment affirmed.