# MINNEAPOLIS SASH & DOOR COMPANY v. JESSE L. HEDDEN AND OTHERS.[1]

October 22, 1915.

Nos. 19,566—(48).

**Mechanic's lien.**

A contractor was building two houses, numbered 4540 and 4544, on adjoining lots. He purchased mill work of plaintiff. He ordered two drain boards to be delivered by plaintiff at 4544, and they were so delivered. In fact one was intended for 4540. In a few days plaintiff was so advised, assented thereto, and made charges on its books accordingly. The drain board was never, however, taken to number 4540 and was never used anywhere. Plaintiff is entitled to a lien for the amount of this item upon the property at number 4540, and his lien is prior to that of a mortgage taken during the construction of the building.

Action in the district court for Hennepin county to recover $308.78 and to foreclose a mechanic's lien for that amount. The cause was heard before Jelley, J., who made findings and ordered judgment in favor of plaintiffs. From an order denying the motion of defendant Warner Hardware Company for a new trial, it appealed. Affirmed.

*James C. Melville,* for appellant.

*Robert G. Morrison,* for respondent.

HALLAM, J.

In 1913 defendant Hedden as contractor, as the court found, erected two houses on Lyndale avenue, in Minneapolis, numbered respectively 4540 and 4544. He made a contract with plaintiff to furnish the mill work and the same was furnished accordingly. The first item was furnished February 7, 1913. A balance in substantially the amount claimed in the complaint in this action is unquestionably due for the mill work furnished for No. 4540, and a mechanic's lien is claimed on that property therefor. The only question is as to the last item of $1.25, and from

[1] Reported in 154 N. W. 511.

Note.—As to right to lien for materials furnished for structure but not actually used, see note in 31 L.R.A.(N.S.) 749.

As to priority of statutory preference of claim for labor over pre-existing mortgage, see note in 2 L.R.A.(N.S.) 615.

this also arises the only substantial question in the case, that is, whether the lien was filed in time. If this last item was lienable the lien was filed in time, otherwise it was not. The question as to this item arose as follows: The last item on plaintiff's main contract was furnished March 25. In April Hedden's representative ordered as extras two drain boards of different dimensions. Both were grooved boards made to order and designed to be attached to a kitchen sink. These were both ordered delivered at No. 4544, and were delivered at that building June 18, and were charged on the books of plaintiff to that building. One of them was in fact intended by Hedden for No. 4540. About June 20, plaintiff's representative, believing that plaintiff's time for filing a lien would expire June 23, called Hedden and told him the account must be paid or a lien would be filed. The following then took place, as detailed by plaintiff's representative: "Mr. Hedden * * * said to me that I was entirely wrong in stating that his time was up for the payment on 4540 as we had a day or two before that delivered for the use in that building a drain board. I said to Mr. Hedden: 'We have no receipt so stating any days or order calling for a drain board for that building.' He made the remark: 'You know I wouldn't use two drain boards in one building, don't you?' I said to him: 'Did one of those go to 4540 and the other to 4544?' He said they did. Then I said: 'If you want to claim additional time on 4540 we must have a receipt for a drain board used in that building,' and showed him that Mr. Crosier's order didn't call for a drain board in that building but called for two drain boards 4544. He said Mr. Crosier was wrong in ordering it that way, he said one goes in 4540 and one in 4544. I took the receipt 4544 and changed it to read one drain board and took a receipt making it out in my own handwriting, a receipt for a drain board delivered to 4540 Lyndale." Thereupon plaintiff, regarding this item as properly chargeable to No. 4540, refrained from filing its lien statement until September 13, 1913. The court found that there was no fraud or collusion in the transaction and what was done was in the utmost good faith on plaintiff's part. The drain board was never in fact taken to No. 4540. It was never installed in the house at No. 4540, or anywhere else, but through some oversight was taken away from No. 4544 by parties who at some time occupied No. 4544.

The only party contesting the validity of plaintiff's lien is the assignee of a second mortgage. The mortgage was given March 10, 1913, and was assigned to appellant defendant some time between that date and June 18. The trial court found that plaintiff was entitled to a lien.

The finding of the trial court must be sustained. Taking the whole transaction together, it was proper to hold that the drain board was furnished to be used in the construction of the house at No. 4540. Difficulty arises only from two facts; the item was never in fact delivered at No. 4540 and was never in fact incorporated in the building. Neither fact is fatal to the lien. This is well settled by previous decisions of this court. In Hickey v. Collom, 47 Minn. 565, 50 N. W. 918, material furnished on the lot to a vendee under a contract requiring the construction of a building, but not used, was held lienable upon the interest of the vendor. In Burns v. Sewell, 48 Minn. 425, 51 N. W. 224, material delivered to the contractor on the lot, but taken by him and used elsewhere, was held lienable. In Combination Steel & Iron Co. v. St. Paul City Ry. Co. 52 Minn. 203, 53 N. W. 1144, steel rails furnished by plaintiff to a contractor to be used, but not used in the construction, were held lienable. In John Paul Lumber Co. v. Hormel, 61 Minn. 303, 63 N. W. 718, material sold by plaintiff at his place of business to be used in a building under construction, and taken away by the owner, was held lienable, though in fact taken and used elsewhere. In Berger v. Turnblad, 98 Minn. 163, 107 N. W. 543, labor performed in the shop of the contractor upon material which the contractor refused to furnish was held lienable. In Thompson-McDonald Lumber Co. v. Morawetz, 127 Minn. 277, 149 N. W. 300, material delivered to a common carrier for shipment by rail to a contractor, to be used in the construction of a building, but not in fact taken there or used there, was held lienable. Brown, C. J., said: "If the material in a given case be delivered into the physical possession of the owner, it seems clear that no court would hold that his failure to deliver the same upon the premises would affect the rights of the materialman. We can conceive of no valid reason for applying a different rule where the delivery is to the contractor, the agent and representative of the owner, and for whose acts the owner is responsible to the extent at

131 M.—3.

least that the premises are liable under the statutes for the value of the material so furnished."

Under the rule of these cases it is manifest that plaintiff has a lien as against the owner of the premises. The fact that in this case the material was delivered upon a lot other than the lot upon which is situated the building upon which a lien is asked, is a difference between this case and the cases cited, but it is not a difference of importance.

The main contention of appellant is that a different rule should be applied to it because it is a mortgage. The mortgage was given and assigned to defendant during the construction of the building and at a time when plaintiff had an unquestioned right to a lien. We can see no ground for distinction between such a mortgagee and an owner. It is said that appellant is a *bona fide* encumbrancer. Doubtless this is true, but that does not alter the situation. If the mortgage had been given before the improvement was under way, as in Wentworth v. Tubbs, 53 Minn. 388, 55 N. W. 543, or if the mortgage had been taken or money paid or rights lost in reliance upon some act or conduct of plaintiff, a different question would be presented. But no such facts exist. This is the simple case of a mortgage taken during the open and notorious construction of the building. Such an encumbrancer takes his rights subject to the existence of mechanics' liens for the construction of the building, which are liens upon the interest of the owner, and which are acquired and perfected in the usual manner.

Order affirmed.