EMPIRE CREAM SEPARATOR COMPANY v. S. T. MARSHALL.[1]

February 15, 1924.

No. 23,777.

**Question for jury whether promissory notes were given and accepted as release from original debt.**

Evidence *held* sufficient to make the question whether promissory notes given by a third party and indorsed by defendant were given and accepted for the purpose of releasing defendant from liability for the original debt, a question of fact for the jury.

Action in the district court for Pipestone county to recover $3,670.16, the agreed price for goods sold. The case was tried

[1]Reported in 197 N. W. 216.

before Nelson, J., who at the close of the testimony granted plaintiff's motion for a directed verdict for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Reversed.

*George P. Gurley* and *C. T. Howard*, for appellant.

*M. J. Meeker* and *P. P. Cady*, for respondent.

TAYLOR, C.

Plaintiff brought suit for a balance claimed to be due on a book account for goods sold defendant. At the opening of the trial, it was stipulated that defendant was indebted to plaintiff in the amount claimed, unless such indebtedness had been paid by the giving and acceptance of certain promissory notes therefor. After making this stipulation defendant claimed and was accorded the right to open and close. He presented his evidence, and at its close the court directed a verdict for plaintiff. A motion for a new trial was denied and defendant appealed.

On June 1, 1921, defendant had on hand machines and implements purchased from plaintiff of the value of about $12,000, and owed plaintiff therefor a balance of $4,332. On that date defendant sold this entire stock to John Hammer for something over $11,500. Plaintiff's representative, one Evans, was present and took part in this transaction. By agreement between the three, Hammer executed his notes for the balance due plaintiff which were then indorsed by defendant and delivered to Evans. Hammer failed to pay the notes and plaintiff seeks to recover from defendant on the original account. Defendant insists that under the evidence the question whether the original debt was extinguished by the notes was at least a question for the jury.

Giving notes for an antecedent debt is presumed to be conditional payment only, and does not discharge the debt unless expressly given and received as absolute payment; and the rule is the same though third parties join in the notes. Mikolas v. Val Blatz Brewing Co. 147 Minn. 230, 180 N. W. 109, and cases cited therein. The party claiming that such notes were given and accepted in payment

and satisfaction of the original debt has the burden of proving that fact.

In the present case defendant claims that the agreement under which the notes were executed shows that they were given and accepted for the purpose of paying and discharging the original account. He testified concerning what took place as follows:

"Mr. Evans and Mr. Hammer came into my office. Mr. Hammer says to Mr. Evans, he says, 'Sam has got more to do than he can take care of and if you will turn these goods over to me and take my note and turn these goods over to me I will give you my note and I can go out and sell them and I can pay this whole deal.' Mr. Evans says, 'if Sam will endorse these notes I will turn over the goods to you and take your note.' I said no, that I didn't want to have any more dealings with the company, I wanted to be through. Mr. Evans says, 'Unless you guarantee these notes we cannot give your account credit but if you will endorse these notes we will credit your account, or we will release you'—didn't say credit, 'we will release you from this obligation.' I then said I would do so."

Hammer testified concerning the same matter as follows:

"Well, I told Mr. Marshall that Mr. Evans was here now to make a settlement and clean up on this deal and I was going to take the stuff over, and Mr. Marshall says all right, and Mr. Evans told him, he says, 'You will have to sign those papers or I can't release you.' Mr. Marshall refused to do so at different times and finally Mr. Evans told him again that he would have to sign those notes if he wanted to be released from it and so in the course of time Mr. Marshall did sign those papers."

This testimony stands undisputed and unexplained. It shows that defendant was induced to indorse the notes in order to be released from something. The only claim or obligation of any sort, existing against him, disclosed by the record, was the claim of plaintiff for the balance due on this account. We think that the evidence was sufficient to make the question whether these notes were given and accepted for the purpose and with the intention of releasing defend-

ant from liability for the original debt a question of fact for the jury, and that it should have been submitted to them.

Order reversed.