## LAMPERT LUMBER COMPANY v. T. C. THANNING AND OTHERS.[1]

February 29, 1924.

No. 23,886.

**No reversal on appeal where, on conflicting evidence, there is sufficient to sustain trial court.**

Evidence in reference to validity of mechanic's lien is conflicting, and there is sufficient evidence to sustain the trial court; hence this court cannot interfere.

Action in the district court for Nobles county to foreclose a mechanic's lien for $4,498. The case was tried before Nelson, J., who

[1] Reported in 197 N. W. 269.

when plaintiff rested denied defendants' motion for a dismissal, made findings and ordered judgment in favor of plaintiff for $4,484.10, but found that plaintiff was not entitled to any lien upon the premises. Plaintiff's motion for amended findings and conclusions or for a new trial, was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Patrick J. Ryan*, for appellant.

*A. W. Tierney, M. P. Thornton* and *E. J. Jones*, for respondents.

WILSON, C. J.

This controversy arises out of an effort on the part of the plaintiff to foreclose a mechanic's lien. One Thanning, being the fee owner of a farm, sold the same on contract for deed to one Wienandt, who built a house thereon. An estimate of the material required was furnished to plaintiff and it contracted with Wienandt to furnish the material at an agreed price, the material to be delivered as required. The plaintiff made delivery of this material over a period of several weeks and the last undisputed item thereof was delivered December 3, 1920. Plaintiff claims a balance unpaid in the sum of $4,498 and it filed the lien on April 27, 1921.

After the making of the sale of the materials by plaintiff, Thanning and his wife conveyed the real estate to the State Bank of Dundee. Other defendants have liens. Thanning and the bank contest plaintiff's lien and claim that it was not filed for record within the 90-day statutory period.

Plaintiff claims that it supplied on February 23, 1921, for the dwelling house and as a part of its contract, certain materials, to-wit: 248 ft. No. 3 D. & M. lumber of the value of $12.90. This is the item in controversy and is of great importance, because, if this item is eliminated, plaintiff's lien is destroyed.

W. A. Johnson was the local manager for plaintiff and represented plaintiff in all its dealings in this matter. Johnson testified that a day or two before February 23, 1923, he talked to Wienandt about his account and told him that "in order to protect ourselves we would have to file our lien so as to be on the safe side." He said that Weinandt then told him that he needed material to finish walls

in the basement and that he would get that and that would extend the lien rights for 90 days more while they were consummating a loan from which the account would be paid. In reference to this Johnson testified as follows:

"Q. And you say that Mr. Weinandt told you that he wanted this additional material for that purpose?

"A. Yes, sir.

"Q. Now, after that conversation what occurred in reference to the order itself?

"A. On that day Mr. Weinandt said he would come and get this material, but for some reason was unable to come the next day so he telephoned, telling me to lay aside and charge to his account this material and he would be in and get it.

"Q. When he so telephoned you, what did you do?

"A. I done just what he ordered me to do, laid aside the number of pieces called for there, 31 1x6, 16 dressed and matched material, and charged it on that original slip and carried it to the journal from there, and the final entry is in the ledger.

"Q. And those things you did on Feb. 23rd?

"A. I did.

"Q. Now, how did you set aside this material; just what did you do towards setting it aside?

"A. Separated it from the original or stock pile of boards to one side, that was vacant; marked the number of pieces with his name and the date thereon.

"Q. And where in your establishment did you place that pile?

"A. In one of the store-rooms.

"Q. Where with reference to the door?

"A. Right in front of the door.

"Q. You have a series of doors there, haven't you?

"A. Yes.

"Q. Doors through which deliveries are made, leading doors, as you call them?

"A. Yes.

"Q. How close to this leading door did you place this material?

"A. We have a walking space of four or five feet to get by; it was that close.

"Q. And that was completely separated from any other material you had there?

"A. It was.

"Q. And you say you put Weinandt's name on it and the number of pieces. How did you put that on?

"A. With my regular lumber crayon.

"Q. You mean you wrote it on some of the lumber?

"A. Yes, right on top of the pile.

"Q. Did Mr. Weinandt come and get it?

"A. He did not.

"Q. Did he ever get it?

"A. Not to my knowledge.

"Q. When did you cease to be connected with the Lambert Lumber Co.?

"A. On February 15, 1922."

Johnson testified that Weinandt ordered the 31 pieces himself and told him to set them aside, and that he needed it, and that he would order it so as to extend the lien rights 90 days.

As opposed to this weinandt testified in reference to the talk that Johnson asked him to get more lumber so as to extend the time to file the lien, but that he told Johnson he did not need any lumber as the home was completed. Weinandt further said: "He said * * * he was going to see Thanning * * * and then he would let me know what Thanning had said * * * he called me over the telephone * * * he said he had talked with Thanning and Thanning said he should call me up and tell me to order some more lumber. I told him if Thanning said I should get some more lumber he better save it for me, I would be up after it." Thanning testified that he did not have any such talk with Johnson.

The trial court found that plaintiff did not on February 23, 1921, or at any time, sell and deliver to Weinandt or to Thanning the 248 ft. No. 3 D. & M. boards and that no such item of materials

was purchased from plaintiff and that such material was not used in the building.

Plaintiff moved for amended findings or for a new trial. The court denied the motion. Plaintiff now appeals from the judgment entered. It is not necessary to discuss the claim of the plaintiff as to whether or not the facts as disclosed by its claim would constitute a lienable item. Of course a lien may be had for material not actually used on the premises. Burns v. Sewell, 48 Minn. 425, 51 N. W. 224; Combination S. & I. Co. v. St. Paul City Ry. Co. 52 Minn. 203, 53 N. W. 1144; John Paul Lbr. Co. v. Hormel, 61 Minn. 303, 63 N. W. 718; Thompson-McDonald Lumber Co. v. Morawetz, 127 Minn. 277, 149 N. W. 300, L. R. A. 1915E, 302; Lamoreaux v. Andersch, 128 Minn. 261, 150 N. W. 908, L. R. A. 1915D, 204; Minneapolis Sash & Door Co. v. Hedden, 131 Minn. 31, 154 N. W. 511. Likewise title to personal property may pass without delivery. Rail v. Little Falls Lbr. Co. 47 Minn. 422, 50 N. W. 471; 35 Cyc. 191.

The difficulty in the instant case is that the trial court has found as a fact that plaintiff did not sell this disputed item and that no such item was purchased. This finding necessarily means that the court as a trier of fact has concluded that the testimony of the witness Johnson does not outweigh the testimony that is opposed to it. In this respect the plaintiff failed to sustain the burden of proof. The court had ample opportunity to find reasons for discrediting the testimony of Johnson. The testimony was conflicting. In fact, there was a sharp conflict. It could not be reconciled. Under such conditions we could not interfere with the findings of the trial court without departing from the wellsettled rule to the effect that, where there is evidence to sustain the findings of the trial court, this court cannot interfere. The decision of the trial court on this question of fact determines the case. State v. Marshall, 157 Minn. 507, 196 N. W. 819.

Affirmed.