## HENRY SIMONS LUMBER COMPANY v. MARTIN SCHNOBRICH AND OTHERS.[1]

April 11, 1924.

No. 23,924.

**When material man is entitled to lien.**

1. One who delivers material to the owner for use on a specific building, in the good faith belief that it is to be so used therein, though it is not delivered on the premises, is entitled to a lien.

**Finding as to single contract sustained.**

2. The evidence sustains the finding that the material was furnished under a single contract for a continuous improvement.

**Court's findings of fact sustained.**

3. Whether a note owned by the defendant was given in part payment of the material purchased was one of fact and the trial court's finding is sustained.

**Parol evidence concerning note admissible.**

4. Showing by oral testimony that a note of a third person indorsed by the payee, the defendant, to the plaintiff, was or was not given in payment does not violate the parol evidence rule.

Action in the district court for Nicollet county to foreclose a mechanic's lien for $1,132.91. The case was tried before Olsen, J., who made findings and ordered judgment in favor of plaintiff. From an order denying defendants' motion for amended findings and conclusions or for a new trial, defendant Martin Schnobrich appealed. Affirmed.

*T. O. Streissguth*, for appellant.
*Albert Pfaender*, for respondent.

DIBELL, J.

Action to foreclose a mechanic's lien. There were findings for the plaintiff. The defendants appeal from the order denying their motion for a new trial.

[1] Reported in 198 N. W. 406.

1. The court finds that between April 12, 1921, and November 3, 1921, the plaintiff furnished the defendant Martin Schnobrich, the owner, materials for a building at Klossner, in Nicollet county, amounting to the sum of $1,565.81. The plaintiff filed its claim for lien on January 20, 1922. The defendant claims that no material was furnished for this building within 90 days prior to that time and that the lien therefore fails.

In the beginning the defendant made an estimate aggregating $1,395. This amount was charged on April 11, 1921. The materials delivered after the first estimate were delivered to the defendant at the plaintiff's place of business in New Ulm. The defendant claims that none of them furnished after August 25, 1921, were used in the Klossner building, but were used in another building in process of construction at St. George, a few miles away.

One who delivers material to the owner of a building in the good faith belief that it is to be used in its construction, though the delivery is not on the premises and the material is not used in the building, is entitled to a lien. The subject was discussed at some length in Thompson-McDonald L. Co. v. Morawetz, 127 Minn. 277, 149 N. W. 300, L. R. A. 1915E, 302, where a different rule was recognized as obtaining in some of the states. Other cases applying or recognizing the rule are John Paul Lbr. Co. v. Hormel, 61 Minn. 303, 63 N. W. 718; Minneapolis S. & D. Co. v. Hedden, 131 Minn. 31, 154 N. W. 511; Thompson Lbr. Co. v. Pettijohn Pure Products Co. 157 Minn. 404, 196 N. W. 567; Lampert Lbr. Co. v. Thanning 158 Minn. 312, 197 N. W. 269. Under the evidence and findings the plaintiff is well within the rule.

2. It is a further claim of the defendant that the Klossner building was completed more than 90 days before the filing of the lien; that the items furnished within the 90 days aggregated $31.55; that, conceding that they were used in the Klossner building, they must be considered as furnished under a separate contract or contracts; and that there can be a lien for no more than this sum.

In view of our holding in the preceding paragraph this claim may not be a live one, or in any event important. The defendant cannot prevail upon it. In Villaume B. & L. Co. v. Condon, 146 Minn.

156, 178 N. W. 492, where it was held as a matter of law that there was not a single contract and a continuous improvement, the test was stated as follows:

"When the owner determines to add something to the building after its construction has been completed and it has been delivered and accepted, materials furnished to the contractor to make the addition and not to accomplish the general purpose of the original contract are considered to be furnished under a new and independent contract."

And in Paine & Nixon Co. v. Dahlvick, 136 Minn. 57, 161 N. W. 257, where the question was one of fact, the court said:

"If the work being done is one continuous work constituting one job, though there are several agreements for the furnishing of different materials, each being a separate contract for some part of the general work, a lien claim filed within 90 days after the last item preserves a lien for all."

These two cases, and the cases cited in them, illustrate the application of the rule. There is evidence that it was under stood at the time of the estimate that more material, though not a large amount, would be required and would be furnished; and it is fairly found that all the material was furnished by the plaintiff pursuant to the one contract and for one improvement.

3. The defendant, about the time of the furnishing to him of the estimate, indorsed to the plaintiff and received credit for a note of $1,000, dated July 1, 1920, due November 1, 1921, made by the Western States Lumber Company. The defendant claims that this note was accepted as part payment of the materials. The trial court found otherwise. The evidence was conflicting. The question was one of fact, not of law, and the finding is sustained. See Empire Cream Separator Co. v. Marshall, 158 Minn. 236, 197 N. W. 216; Mikolas v. Val Blatz Brewing Co. 147 Minn. 230, 180 N. W. 109.

4. Showing by parol that the note was or was not given in part payment of the material furnished did not violate the parol evidence rule. It is the showing of a parol contemporaneous agreement to vary the effect of an indorsement which is forbidden.

Giltner v. Quirk, 131 Minn. 472, 155 N. W. 760, and cases. The indorsement and transfer of the note was a part of the contract of sale of the building materials. It either was or was not payment, and the fact could be shown by parol, just as want of consideration or the accommodation character of paper may be shown. State Bank v. Pangerl, 139 Minn. 19, 165 N. W. 479, and cases; Tiedt v. Johnson, 151 Minn. 288, 186 N. W. 779, and cases. Indeed, in endeavoring to show it to be a payment the defendant necessarily resorted to parol evidence.

Order affirmed.