JOHNSON HARDWARE COMPANY v. EMIL KEMPF.[1]

January 27, 1933.

No. 29,280.

[1]Reported in 246 N. W. 663.

*Thomas I. Foster,* for appellant.

*F. E. Latham* and *W. E. Reyerson,* for respondent.

STONE, JUSTICE.

Action by indorsee against indorser on a certificate .of deposit. Verdict for defendant, and plaintiff appeals from the order denying its alternative motion for judgment notwithstanding or a new trial.

April 11, 1931, plaintiff sold defendant a new automobile, taking in exchange an old machine and accepting on the balance of the purchase price the $500 time certificate of deposit in suit, issued by the State Bank of Hector, since closed and now in process of liquidation. Plaintiff claims as holder in due course and sues defendant upon his unconditional indorsement in blank of the certificate. The testimony for defendant was that the certificate (with a small cash item) was taken in payment of the balance due plaintiff, after crediting defendant with the value of his old machine.

It was insisted for plaintiff that when the deal was made it was agreed that defendant should guarantee the certificate. That defendant denied. To the extent that the testimony tended to show agreement to qualify his liability as indorser, it was a violation of the parol evidence rule, and so open to the objections pressed by plaintiff.

"An 'indorsement' of a bill or note is not merely a transfer of the title, but a fresh and substantive contract, by which the indorser becomes a party to the bill or note, and liable for its payment on certain conditions." Paine v. Smith, 33 Minn. 495, 498, 24 N. W. 305, 306.

Parol evidence of a contemporaneous oral agreement to nullify, or even to qualify, that contract is inadmissible. · Knoblauch v.

Foglesong, 38 Minn. 352, 37 N. W. 586; Dennis v. Jackson, 57 Minn. 286, 59 N. W. 198, 47 A. S. R. 603; Clarke v. Patrick, 60 Minn. 269, 62 N. W. 284; Lake Harriet State Bank v. Miller, 138 Minn. 481, 164 N. W. 989; 1 Dunnell, Minn. Dig. (2 ed.) § 1012, n. 59, and 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 3368, n. 47. So an indorser cannot show that an unconditional indorsement was intended only to transfer title, and that there was an oral agreement that it was intended to have been "without recourse." Youngberg v. Nelson, 51 Minn. 172, 53 N. W. 629, 38 A. S. R. 497.

Counsel for defendant misunderstand Henry Simons Lbr. Co. v. Schnobrich, 159 Minn. 116, 119, 198 N. W. 406, 407, where it was said that whether a promissory note was taken in part payment for building materials could be proved by parol "just as want of consideration or the accommodation character of paper may be shown." There was no written contract settling that point. The suit was not on the note against either maker or indorser, and so no question as to the liability on the note of any party thereto. Obviously, the case is not relevant to the present issue.

■ There is no bill of sale or other written contract evidencing the automobile trade between plaintiff and defendant. Defendant's indorsement of the certificate is the only part of the contract that was reduced to writing. So, while parol proof was competent to show all of the agreement that was in parol, it could not go to the extent of cutting down or qualifying that part of the contract, the indorsement, which was in writing. Backus v. Sternberg, 59 Minn. 403, 61 N. W. 335; H. H. King & Co. v. Dahl, 82 Minn. 240, 84 N. W. 737; Samuel H. Chute Co. v. Latta, 123 Minn. 69, 142 N. W. 1048. Compare Thiem v. Eckert, 165 Minn. 379, 206 N. W. 721.

Plaintiff's motion for directed verdict should have been granted. Now there must be judgment for plaintiff notwithstanding the verdict. Accordingly, the order appealed from must be reversed with directions to enter judgment for plaintiff for the amount of the certificate with interest and costs.

So ordered.